the motorman could apply sand to the tracks, and plaintiffs' counsel did not offer to show that a sandman was also necessary. It would not be proper to allow the jury to infer the necessity of his presence in the absence of evidence tending to show it. Experience must have demonstrated whether both box and man are necessary in such cases, and evidence of its teaching must be obtainable. The jury should not be permitted to make a rule of law to suit themselves, or find a fact without evidence. Cumming v. Railroad Co., 104 N. Y. 669, 10 N. E. 855. I doubt, therefore, whether we should reverse.

---

STUYVESANT v. NEW YORK ELEVATED R. CO., et al.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

1. EMINENT DOMAIN—DAMAGES—EVIDENCE.
    In an action to recover for damages to property caused by the erection of an elevated road, in order to show that such property had not shared in the general increase due to normal causes, but that such increase was prevented by the operation of the road, comparisons of rental values of the premises in issue with those of specific properties located in widely separated territory are inadmissible in evidence.

2. TRIAL—OBJECTIONS TO EVIDENCE.
    Objection to evidence as relating to matter "not within the issues" was sufficiently explicit to include comparisons of rental values in condemnation proceedings between the property in question and properties in a widely separated district.

Appeal from special term, New York county.

Action by Rutherford Stuyvesant against the New York Elevated Railroad Company and the Manhattan Railway Company. From the judgment, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

E. C. James, for appellants.

W. G. Peckham, for respondent.

PATTERSON, J. Whatever, ordinarily, may be the advantage and propriety of bringing into one action all the properties of an owner of land abutting on a street on which there is an elevated railroad, and as to which properties it is claimed that easements have been taken for the uses of the railroad without compensation, they are in this cause unfortunately unavailable from the necessity which exists of reversing the judgment as to each separate piece of property, because of an error in the admission of testimony, which error radiates the whole case, and affects each one of the 57 parcels of land owned by Mr. Stuyvesant and described in the complaint. It appeared in evidence, and was found as matter of fact by the court, on the trial, that all of the properties mentioned in the complaint had increased in value since the defendants' railway was built. To maintain the action it therefore became incumbent upon the plaintiff to show that his properties on Third avenue had not shared

in the general increase due to normal causes, and the natural growth of neighboring properties off the line of the elevated railway; and that, notwithstanding the fact of there being some increase in the values of his lands, further increase was retarded or prevented by the construction and operation of an elevated road. The effort to establish that claim could not be made by instituting comparisons of rental values of the premises, the subject of the action, with those of specific properties located in widely separated territory; but that was allowed to be done in this case. All of the 57 pieces of property involved here are situated on Third avenue between Eighth and Twenty-First streets. The plaintiff was permitted to compare the course of rental values of those properties, or many of them, with the rentals received by Columbia College from its leaseholds on Fifth avenue between Forty-Seventh and Fifty-First streets and on Forty-Seventh street,—property situated in a section of the city so remote from Third avenue at and below Twenty-First street that its very distance from the plaintiff's premises makes the comparison inadmissible, even if comparisons were at all allowable. But, add to this the differences in the character of the properties, and the disparity becomes strikingly obvious. Mr. Stuyvesant's houses are occupied as shops and cheap tenements. The testimony is that the locality in which the buildings on Fifth avenue are situated has been "during the past ten or fifteen years one of the most fashionable centers for residence property in the city. Some of the most prominent and wealthy social people reside in these houses. It lies between what is known as the 'Murray Hill' locality and the Central Park." The evidence, when offered, was objected to, and on specific grounds. In the Innes Case, 38 N. Y. Supp. 286, decided at this present term of this court, but not yet officially reported, we had occasion to say that a merely general objection, or one not calling the attention of the court to the precise question raised in the Jamieson Case (147 N. Y. 322, 41 N. E. 693), could not prevail on appeal; but here the precise ground was taken that brings this evidence within the condemnation of that case. Counsel for the defendant expressly objected to the testimony as to rents of Fifth avenue lots under Columbia College leases, and placed it on the distinct ground that the question called for matter "not within the issues." The objection was overruled, and the error in admitting the testimony is fatal. That it was harmful cannot admit of doubt. It was evidence of a pointed character as to the course of ground rents and their increase. It did not affect only the award of damages for decrease of rental values, but it was a factor in the ascertainment of fee damage. The expert witness testified that there is a fixed ratio between rental and fee values, and, that ratio proven, it is or may be resorted to, either alone or in connection with other testimony, to determine the value of the fee of the property. The admission, therefore, of this evidence as to the Columbia College leases was a cardinal error, one that cannot be overlooked or avoided, and it calls for a reversal of the whole judgment. We have examined the record and the stipulations and admissions contained in it in vain

to find even the slightest evidence of a waiver of the objection or exception we have considered.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

BARRETT, RUMSEY, and WILLIAMS, JJ., concur. VAN BRUNT, P. J., concurs in result.