to grant the order, the only question for us to determine is, was there an abuse of judicial discretion? We cannot say that. Order affirmed, No costs. All concur.

STENSON, Respondent, v. KOCH, Appellant. (Supreme Court, Appellate Division, First Department. April, 1896.) Action by William J. Stenson, Jr., against Joseph Koch. George Hoadly, for appellant. Daniel Clark Briggs, for respondent.

INGRAHAM, J. The question presented in this case is as to the constitutionality of chapter 601 of the Laws of 1895, and as we have held in the case of Koch against the mayor, decided herewith (39 N. Y. Supp. 164), that such act is constitutional, it follows that the judgment in this case must be affirmed. There seems to be an appeal taken from the decision of the court upon which the judgment sustaining the demurrer was entered. As no appeal from such a decision lies, that appeal must be dismissed. All concur.

STODDARD, Respondent, v. BRAZELL, Appellant. (Supreme Court, General Term, Fourth Department. December, 1895.) Action by Priscilla Stoddard against Jane D. Brazell.

PARKER, J. It is impossible to determine from the evidence just how the justice made up his judgment of $60.49 damages against the defendant, but it seems very clear that no such amount is warranted by the proofs before him. The plaintiff swears that on August 25, 1891, there was a balance due her of $84.04; and she put in evidence Exhibit A, as showing the items of debit and credit upon which she based that claim. Conceding that all such items are correct, and properly proven, yet that balance falls short of the amount allowed by the justice, and his right to add to that balance must be found in the plaintiff's evidence, wherein she claims that there were certain other items, not included in that account, and to which she was entitled. Upon none of these additional items, save, perhaps, the item of interest, has she made proof sufficient to entitle her to recover for them. Thus no evidence is given of any fact showing that defendant owned $8.80 for surplus paid her for use of her premises. The only evidence is that a charge was made for that amount, which, of course, is no proof of a liability to pay it. Also, the plaintiff shows no facts whatever tending to prove the defendant liable for any injury her horse may have sustained in defendant's barn. There is a total failure of any evidence of negligence, or of liability for such injury, yet she has added an item of $12 for such damage. So the evidence does not show that the defendant had anything whatever to do with the pitcher broken at plaintiff's house, and for which she has charged $5. Nor could she be charged 90 cents for a jar left by plaintiff at her house. It was left there with butter in it, and there is nothing to show but that it is still awaiting plaintiff's call for it, or, indeed, that it was not sold with the butter. As to the jar and the whip and the rubbers and measure and bags, there is no proof that defendant took them; nothing whatever to connect her with their loss; nothing to show that she was under the slightest obligation to protect them. The item of $3 for keeping defendant's family and horse at plaintiff's house is not sufficiently proven to show any liability on defendant's part to pay it. The plaintiff merely swears that she made the charge, and that it was worth that to keep them. She does not tell how many there were, how long they were kept, nor any fact upon which she bases her conclusion that it was worth that sum. Nor does she give any fact showing why defendant, a married woman living with her husband, should pay for the keep of his family. The credits which the plaintiff allows against these additional items, and which are not on her bill, Exhibit A, amount to $6.60. These stand conceded as items for which she should have been credited. They are so much of defendant's counterclaim, which plaintiff concedes to be correct. Clearly, giving defendant the benefit of these credits, there are no items proven that should run up the balance of $48.49. We do not attempt to modify this judgment by adjusting the account between those parties. The evidence is very conflicting as to defendant's counterclaims, and as to the amount she claims to have paid upon the account, and for which she has received no credit. Several items of the account, Exhibit A, are also disputed by her, and the proof as to the accuracy of the account is also very slight on plaintiff's part. Neither does it very clearly appear why defendant, and not her husband, should be liable for the items of such account. We think the merits of the case can be more certainly determined by a new trial, and, since the judgment appealed from is evidently not warranted by the proof, it must be reversed. The judgment of the justice and that of the county court reversed, with costs. All concur.

STONE v. STONE et al. (Supreme Court, Appellate Division, First Department. June 19, 1896.) Action by Andros B. Stone against Georgiana C. Stone and others. No opinion. Motion denied, upon payment of $10 costs.

STUYVESANT v. NEW YORK EL. RY. CO. (Supreme Court, Appellate Division, First Department. June 5, 1896.) Action by Rutherford Stuyvesant against the New York Elevated Railway Company. No opinion. Motion denied, with $10 costs. See 38 N. Y. Supp. 595.

SUNDERLIN v. HOLLISTER et al. (Supreme Court, Appellate Division, Fourth Department. June 17, 1896.) Action by Helen H. Sunderlin against Alfred N. Hollister and Henry D. Noble. No opinion. Motion denied, with $10 costs. ADAMS, J., not sitting. See 38 N. Y. Supp. 682.

TAGLIABUE, Respondent, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. June 5, 1896.) Action by Adelaide Tagliabue, individually, etc., against the Manhattan Railway Company and others. W. H. Godden, for appellants. M. C. Fleming, for respondent. No opinion. Judgment affirmed, with costs.

THOMAS v. THOMAS. (Supreme Court, Appellate Division, First Department. June

19, 1896.) Action by Franklin C. Thomas against Dora M. Thomas. No opinion. Motion denied, upon payment of $10 costs.

TOWN OF NORTH HEMPSTEAD, Appellant, v. GALLAGHER, Respondent. (Supreme Court, Appellate Division, Second Department. June 2, 1896.) Action by the town of North Hempstead against John Gallagher. No opinion. Judgment affirmed, without costs, and without prejudice to the plaintiff's right to bring an action at law for damages. All concur.

ULBRICHT, Respondent-Appellant, v. NEW YORK RECORDER CO., Appellant-Respondent. (Supreme Court, Appellate Division, Second Department. June 23, 1896.) Action by Alida S. Ulbricht against the New York Recorder Company. No opinion. Order reversed absolutely so far as it strikes from the bill of costs the item of $40 for depositions of witnesses. Order reversed so far as it confirms the clerk's taxation in respect to objections 22 and 23 set out in Mr. Slayton's affidavit, and clerk directed to retax the mileage at 125 miles. Order reversed so far as it affirms the clerk's taxation in respect to objections 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 24, 25, 26, 27, 28, 29, and 30, and a retaxation of these items ordered to be made by the clerk, who shall allow but 50 cents a day for the attendance of each witness, and the mileage but once for the trial; and he shall not allow the fees for any witness who was not sworn, except upon an additional affidavit showing what the witness was expected to prove or disprove, and why he was not called to the stand. The defendant to have $10 costs, and disbursements of this appeal. All concur, except PRATT, J., not sitting.

In re VALENTINE. (Supreme Court, Appellate Division, Second Department. June 9, 1896.) In the matter of Benjamin E. Valentine. No opinion. Application for order to show cause denied. Respondent may appear before the court on Monday, June 15, 1896, at 10 a. m., and will be heard orally, and may then produce such exhibits as were produced before the referee, and which he has in his possession. The hearing is set peremptorily for that day.

VAN COTT v. MACKEY. (Supreme Court, Appellate Division, Second Department. June 16, 1896.) Action by Joshua M. Van Cott against Donald Mackey, as executor, etc. No opinion. Motion to dismiss appeal denied, without costs.

VANDERHOEF, Respondent, v. ERICKSON et al. (HOFFSCHMIDT, Appellant). (Supreme Court, Appellate Division, Second Department. June 2, 1896.) Action by Fannie L. Vanderhoef against Charles A. Erickson and others. Emily Hoffschmidt appeals. No opinion. Judgment affirmed, with costs. All concur, except CULLEN, J., not sitting.

VAN DYK, Respondent, v. MERRITT, Appellant. (Supreme Court, Appellate Division, Second Department. June 9, 1896.) Action by James Van Dyk against Charles A. Merritt. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

VAN TASSELL, Appellant, v. ADRIANCE et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 9, 1896.) Action by James Van Tassell against Peter Adriance and Eugene Adriance, composing the firm of Peter Adriance & Son. No opinion. So much of order appealed from as denies the application of the plaintiff to limit the examination directed to be had to the physical injuries and condition of the plaintiff reversed, and order granted so limiting the examination of plaintiff. In other respects, order appealed from affirmed, without costs to either party. All concur.

VAN WICKLE et al., Appellants, v. BACON, Respondent. (Supreme Court, Appellate Division, First Department. June, 1896.) Action by Augustus S. Van Wickle and another against Clara R. Bacon. W. P. Knapp, for appellants. A. E. Blackmar, for respondent.

PER CURIAM. This appeal presents the same questions as were considered in the case of Van Wickle v. Barron (decided at the May term of this court) 39 N. Y. Supp. 85, and that decision must control. The considerations presented by the defendant in this case which were not referred to in the case cited are insufficient to require a different result. The order appealed from should be reversed, with $10 costs and disbursements to the appellants, and the motion for leave to amend the complaint granted, upon payment by the plaintiffs of $10 costs of motion, and all the costs of the action after notice of trial.

VOSBURGH, Respondent, v. ARMSTRONG et al., Appellants. (Supreme Court, General Term, Fourth Department. December, 1895.) Action by Frank L. Vosburgh against George A. Armstrong and another. No opinion. Judgment and order affirmed, with costs.

WALRATH et al., Appellants, v. ABBOTT, Respondent. (Supreme Court, General Term, Fourth Department. December, 1895.) Action by Walter Walrath and others against William H. Abbott.

PARKER, J. We do not think that the facts of this case are materially changed from those which appeared when the case was before us on a former appeal. See 75 Hun, 445, 27 N. Y. Supp. 529. It is true that it now appears that the defendant did give the mortgage upon the premises required by order of the court to be given by him upon receipt of his conveyance of the lunatic's lands. It also appears that such mortgage passed into the custody and control of Walrath, the committee, and that the $500 mortgage against Nelson was given to and received by him as a payment thereon; that subsequently the balance due upon such purchase-money mortgage was paid to the committee in cash, and such mortgage discharged. But the question still remains whether the receipt by such committee of the worthless $500 mortgage against Nelson must be deemed a