## FREDERICK W. RIPLEY *vs.* JOHN MCBARRON.

Suffolk. March 6. — Aug. 7, 1878. COLT & SOULE, JJ., absent.

In an action by A. against B. for malicious prosecution, it appeared that A. was arrested on a warrant issued on a complaint made by B., in which the latter charged A. with an assault upon him; and that, on the trial of the complaint, B. stated to the court that a mistake had been made by the officer of the court, to whom the complaint was made; and, at the request of B., A. was discharged. B. introduced evidence that, when he made the complaint, he stated, to the officer who issued it, that an assault had been committed by A. upon C., a servant of B.; that he did not read the complaint when he signed it, and did not know that it charged an assault upon himself; and that he had no probable cause of complaint against A., but made the complaint in behalf of C. He then offered to show that an assault had been committed by A. upon C. before he made the complaint; but the judge excluded it. *Held,* that the evidence excluded was competent on the issue of malice.

TORT for malicious prosecution. Writ dated October 11, 1876. At the trial in the Superior Court, before *Allen,* J., without a jury, the plaintiff introduced evidence tending to show that the defendant made a complaint against him to the Municipal Court of Boston, in which he charged the plaintiff with an assault and battery upon him; and that he was arrested on a warrant issued on said complaint, and was discharged on September 26, 1876. On cross-examination, he testified that, when the case came on to be heard, the defendant stated to the court that a mistake had been made; and that he was then discharged without an examination, at the request of the defendant.

The defendant introduced evidence tending to show that, when he made the complaint, he stated to the officer of the court that an assault had been made by the plaintiff upon James Bogue, a servant of the defendant; that he did not read the complaint when he signed it, and did not know that it charged an assault upon himself; that he did not at the time of the complaint, nor at any time, allege that the plaintiff had committed an assault upon him; that he had no cause of complaint against the plaintiff, and that the complaint was made in behalf of Bogue; that he stated to the court, when the case came on to be heard, that a mistake had been made by the officer of the court, and requested the court to discharge the plaintiff on that account.

The defendant then offered evidence to show that an assault had been made upon Bogue by the plaintiff, immediately before the complaint was made by the defendant. But the judge excluded the evidence; and found for the plaintiff in the sum of $50. The defendant alleged exceptions.

*C. B. Southard,* for the defendant.

*J. B. Richardson & E. B. Hale,* for the plaintiff.

MORTON, J. In an action for malicious prosecution, the burden is upon the plaintiff to prove that the defendant has instituted against him a prosecution, civil or criminal, which has been terminated in his favor, and that it was instituted maliciously and without probable cause. Malice may be inferred by the jury from want of probable cause, but it is not a necessary inference. In ordinary cases, proof that the defendant knowingly and designedly commenced a prosecution without reasonable or probable cause would be sufficient proof of malice; but the question of the existence of malice is a distinct issue, and even if it be shown that the prosecution was without probable cause, it is competent for the defendant to introduce evidence to show that it was instituted in good faith and without malice. *Savage* v. *Brewer,* 16 Pick. 453. *Cloon* v. *Gerry,* 13 Gray, 201. *Barron* v. *Mason,* 31 Vt. 189.

In the case at bar, the prosecution, alleged to be malicious, was a complaint made by the defendant to the Municipal Court of the city of Boston, in which he charged the plaintiff with an assault and battery upon him, the defendant. At the trial, the defendant admitted that the plaintiff had never assaulted him, and that there was no probable cause for such complaint. But he introduced evidence tending to show that, when he made the complaint, he stated to the officer of the court that an assault had been committed upon one Bogue, a servant of the defendant; that he intended to complain of an assault on Bogue, but, by a mistake, the complaint was written so as to charge an assault upon himself; that he did not read the complaint when he signed it, but supposed it to be a charge of an assault upon Bogue, and that, when he discovered the mistake, he notified the court of it, and thereupon the plaintiff was discharged. He then offered evidence to show that an assault had been made

upon said Bogue by the plaintiff immediately before said com-plaint was made, which evidence the court excluded.

We are of opinion that this evidence was competent and should have been admitted. Proof that the plaintiff committed an assault upon Bogue would corroborate the evidence of the defendant, and would tend to show that he had just ground for making a complaint, and that the complaint, as made, was the result of an innocent mistake. If the defendant, in making the complaint, acted in good faith and with the honest purpose of bringing an offender to justice, the prosecution, even if it can be held to be without probable cause, was not malicious. It is not necessary to decide whether an innocent misdescription of an offence, like that in the case at bar, shows a want of prob-able cause for the prosecution, because, if the prosecution insti-tuted by the defendant is held to be, as admitted by him, with-out probable cause, yet the evidence rejected was competent upon the issue of malice. It would tend to rebut the inference of malice arising out of the fact that he had instituted a ground-less complaint.

Although this case was tried by the court, the defendant has the same right of exception as if the evidence had been excluded in a trial by a jury.                              *Exceptions sustained.*