DANIEL J. FALVEY *vs.* HENRY H. FAXON.

Suffolk. Nov. 15, 1886. — Jan. 7, 1887. HOLMES & GARDNER, JJ., absent.

A. made two complaints against B., the first in order to obtain a warrant to search for intoxicating liquors alleged to be in B.'s possession with intent to sell the same contrary to law; the second, in order to obtain a warrant to search for intoxicating liquors in B.'s possession, alleged to be illegally transported by him, he having reasonable cause to believe that they were intended to be sold in violation of law. B. was acquitted on the first complaint, and convicted on the second. B. then brought an action against A. for malicious prosecution in making the first complaint. *Held,* that evidence given at the trial of the second complaint was inadmissible to show a justification for making the first complaint. *Held, also,* that evidence of the subsequent conviction of a third person for illegally selling a portion of the liquors so transported by B. was inadmissible to show probable cause on A.'s part for making the first complaint.

In an action for malicious prosecution, in making a complaint in order to obtain a warrant to search for intoxicating liquors alleged to be in the possession of the plaintiff in a certain town, with intent to sell the same contrary to law, the fact that the plaintiff collected money in the town for liquors brought there in the name of a third person, and for liquors brought to fill orders given to such person in the town, affords no justification to the defendant for making the complaint.

DEVENS, J. The plaintiff's declaration contained three counts: the first, for alleged malicious prosecution by the defendant, in making a complaint in order to obtain a warrant to search for certain intoxicating liquors alleged to be in the possession of the plaintiff, in a certain building in Quincy, with intent to sell the same contrary to law, which complaint was made on July 3, 1884; the second count was for alleged malicious prosecution by the defendant, in making complaint on August 4, 1884, to obtain a warrant to search for certain intoxicating liquors in the possession of the plaintiff, alleged to be illegally transported by him, he having reasonable cause to believe that they were intended to be sold in Quincy in violation of law; the third count alleged a wrongful conversion by the defendant of certain personal property of the plaintiff.

As the verdict was for the defendant on the second and third counts, and the case comes before us on the defendant's exceptions, they are to be considered only as they relate to the first count and the first complaint made by the defendant, on the alleged malicious prosecution of which that count is founded.

That which the plaintiff has to establish in an action for malicious prosecution is, that the prosecution was instituted without probable cause to believe him guilty, and with malice, in its legal acceptation, that is, in bad faith, and without any sincere belief in the guilt of the party against whom it is commenced. While malice may be inferred from a want of probable cause, it is not a necessary inference, and the issues are distinct, as, even if it be proved that the prosecution was without probable cause, it is still a sufficient defence to show that it was instituted in good faith, and in the honest belief of the guilt of the party charged. *Ripley* v. *McBarron*, 125 Mass. 272. Whatever legitimately tends to show probable cause for the prosecution or the good faith of the defendant is, therefore, admissible on his behalf to meet the evidence of the plaintiff, who, in such

an action, has the burden of establishing the want of probable cause, and the malice of the defendant.

That the defendant had a right to introduce evidence of all the facts as they existed or appeared to exist at the time of the seizure under the first warrant, and when the complaint was made, cannot be controverted. As this is so, he contends that he had the right to introduce the evidence of the claimants other than the plaintiff, as given at the trial of the second complaint in the district court, after the failure of the first complaint, thus to justify his act in swearing to the first complaint. The issues raised by the two complaints were different; in the one the charge was for keeping liquors with intent to sell, the other was for unlawful transportation. The defendant may have been fully justified in making the second complaint, even if he had no justification for the first. It may be that this evidence would have been admissible under the second count, where the verdict was for the defendant, as the facts there testified to by witnesses may have been most influential in inducing a man of proper prudence and caution to believe that the plaintiff was guilty of the offence there charged, and that there was good cause to believe him so. *Bacon* v. *Towne*, 4 Cush. 217. But the evidence taken upon a subsequent trial for a different offence, even if one of similar character, would not have any legitimate tendency to justify the first complaint made by the defendant, which had previously been tried and ended in the plaintiff's favor.

Nor was the conviction of one Costello, at a still later period, for illegally selling a portion of the liquors being transported into Quincy by the plaintiff, admissible as evidence of probable cause on the defendant's part. It does not appear that any evidence of the facts showing the relations of Costello and the plaintiff was excluded. The fact of a subsequent conviction of Costello certainly would not in any way afford evidence of probable cause to believe the plaintiff guilty when the first complaint was made. It could in no way have operated on the defendant's mind.

The defendant further contends, that the plaintiff collected money in Quincy for liquors brought there in Costello's name, and for liquors brought to fill orders given to Costello in Quincy, and that, therefore, the court should have ruled that the defendant had a justification for his act in making the complaint. But

the defendant could not be justified, on these facts, in making the first complaint, without evidence that the plaintiff was informed or had knowledge of the unlawful sale in Quincy, especially as that complaint charged the plaintiff with illegally keeping liquors with intent to sell the same, and not with illegally transporting them.

The rulings requested and refused had reference to the second complaint against the plaintiff, for illegally transporting liquors, for the alleged malicious prosecution of which a verdict has been found in the defendant's favor. If it were not so, however, sufficiently favorable instructions were given on this part of the case by the court. Where the plaintiff was a mere messenger, and the sale was lawfully made, he could not be held guilty of illegally transporting the liquor sold by bringing it to the purchaser, even if the latter resided in a town where such sales could not lawfully be made.              *Exceptions overruled.*

*B. B. Johnson*, for the defendant.

*J. L. Eldridge*, for the plaintiff.