GROVER C. ROBINSON, an Infant, by his Guardian ad Litem, EDWIN E. PATTENGILL, Respondent, *v.* ERNEST R. HUNT, Appellant.

*Action to recover for services rendered tried on the theory of an express contract — when the judgment cannot be sustained upon the ground that a recovery might have been had upon quantum meruit — incompetent evidence which requires a reversal.*

The complaint in an action instituted in behalf of an infant alleged that the plaintiff performed services for the defendant at an agreed price, pursuant to a written agreement entered into between them, and that there was due him therefor a specified sum, and also contained a count or cause of action on *quantum meruit* for the value of the infant's services which were alleged to have been reasonably worth the same sum.

The case was tried upon the theory that the agreement signed by the infant was binding upon both parties and formed the contract which existed between them.

*Held,* that although the infant might have avoided the contract on the ground of infancy and have recovered the value of his services on *quantum meruit,* yet, since that was not the theory upon which the case was tried, the judgment rendered in favor of the infant would not be sustained upon the ground that the infant might have recovered upon *quantum meruit,* and would be set aside because of the admission of evidence which, while it would have been properly received had the action been brought to recover on a *quantum meruit,* was improper under the theory upon which the case was in fact tried.

In an action brought to recover compensation for services rendered, if the complaint alleges, and the plaintiff at the trial relies upon, an express promise to pay a specified sum, the plaintiff is not entitled to prove that the value of his services is more than the amount stated in such express promise, although the complaint contains allegations appropriate to an action on *quantum meruit.*

It is a well-established rule of law that error in receiving incompetent evidence can be disregarded on appeal only when it is clearly seen that the admission of such evidence did no harm; but evidence that would have a tendency to excite the passions, arouse the prejudices, awaken the sympathies or influence the judgment of the jurors in any degree cannot be considered harmless.

APPEAL by the defendant, Ernest R. Hunt, from a judgment of the County Court of Otsego county in favor of the plaintiff, entered in the office of the clerk of the county of Otsego on the 18th day of June, 1894, upon the verdict of a jury rendered upon an appeal from a judgment of the justice of the peace of the town of Morris, Otsego county, in favor of the plaintiff.

The action was commenced in a Justice's Court, where the plaintiff had judgment. The defendant then appealed to the County

Court of Otsego county, where a new trial was had and the plaintiff again recovered judgment.

*O. F. Matterson* and *Charles H. Searle*, for the appellant.

*Nathan Bridges* and *Albert C. Tennant*, for the respondent.

MARTIN, J. :

The purpose of this action was to recover wages earned by the infant plaintiff while working for the defendant in one of his cheese factories.

The plaintiff alleged in the complaint that he worked for the defendant at the agreed price of twenty-eight dollars a month for eight months and four days, and that there was due him therefor the sum of sixty-five dollars with interest. The complaint also contained a count or cause of action on *quantum meruit* for the value of the plaintiff's services, which were alleged to have been reasonably worth the sum of twenty-eight dollars per month, and that there was due the plaintiff therefor the sum of sixty-five dollars. In another count it was alleged that there was a settlement of their accounts between the parties, and that the sum of sixty-five dollars was found to be due the plaintiff and had not been paid by the defendant.

The answer admitted that the defendant employed the plaintiff to work for him in running his factory at the agreed price of twenty-eight dollars per month, and then alleged that, by reason of his carelessness and negligence in doing his work, his services were of no value, but that he (the defendant) thereby sustained damages to the amount of $100, which he set up as a counterclaim and for the purpose of showing that the plaintiff's services were of no value.

Upon the trial the plaintiff produced a written paper, which was as follows :

"LENA, *January 18th*, 1892.

"I, Grover Robinson, have agreed to work for E. R. Hunt in the Morris creamery under the following conditions : To commence work when called upon, expecting that time to be May 1st, 1892, or sooner. I am to have the entire charge of the factory work, under

the advice and supervision of E. R. Hunt; to do the work with one
man to help, unless more milk than can be worked in two cheese
vats is received.　To do the work when it ought to be done, and
not to be out nights, or attend dances or ball plays, or be away any
that will in any way interfere with the factory work, or that might
be deemed so by E. R. Hunt.　To avoid as much as possible boys
gathering at the factory nights or Sundays; to have due diligence
and proper care of the work; to receive twenty-eight dollars per
month for each full month's work; the whole number of days in
each month, to be worked for a month's work.　It is, however,
understood that if the firemen of Morris have a dance I am to have
the privilege of attending.

"GROVER ROBINSON."

We find no evidence that the defendant agreed to the terms of
this written contract, although upon the trial it seems to have been
assumed that that was the contract between the parties and binding
upon both.　The plaintiff might have avoided his contract upon the
ground of infancy, and have recovered the value of his services on
*quantum meruit.*　( *Whitmarsh* v. *Hall,* 3 Den. 375 ; *Winters* v.
*McMahon,* 23 Wkly. Dig. 119.)　But such was not the theory upon
which the case was tried.　The plaintiff introduced the written con-
tract in evidence, and when proof was offered as to the value of the
services of cheesemakers, and it was objected to upon the ground
that the contract was in writing and could not be varied, the plain-
tiff's counsel expressly stated that it was not offered for that pur-
pose, and that the question was not asked with a view of at all
affecting the amount the plaintiff was entitled to recover.

An examination of the evidence and proceedings upon the trial
discloses that the case was tried upon the sole theory that the con-
tract signed by the infant plaintiff was binding upon both parties,
and was the contract which existed between them.　Such having
been the theory upon which the action was tried, we should not now
attempt to sustain the judgment upon the ground that the plaintiff
might have recovered upon *quantum meruit,* and, hence, that cer-
tain evidence which was admitted was properly received, provided it
was improper under the theory upon which the case was tried.

The only question that it seems necessary to determine upon this
appeal is whether it was error for the court to permit the plaintiff,

on the cross-examination of the defendant, to prove the value of the services of experienced cheesemakers in that locality. It may be that this evidence would have been admissible if the action had been tried upon the theory of the plaintiff's right to recover on *quantum meruit.* But be that as it may, as the case was tried upon the theory that the written contract alone was to control, and when the evidence was objected to the counsel for the plaintiff expressly asserted that it was not for the purpose of affecting the amount of the plaintiff's recovery or to vary the written contract or show a different one, we think the court erred in admitting such evidence. The specific question asked was: " Now, in 1892, in and about the vicinity of Morris, what was the regular price of cheesemakers who took entire charge of the cheese factory, and assumed the entire responsibility of running a cheese factory and in manufacturing the cheese?" This was objected to as "incompetent and improper; that the contract agreed upon is $28.00 in writing, and they can't vary it." The counsel for the plaintiff then stated : " It is not for that purpose at all," to which the counsel for the defendant remarked: " It is incompetent and improper for any other purpose," the plaintiff's counsel replying : " It is not with a view of at all affecting the amount this plaintiff is entitled to recover." The objection was thereupon overruled and the defendant excepted, the court remarking, during the controversy between counsel, that the ruling was made upon the theory that it was not for the purpose of establishing the value of the plaintiff's services. The defendant finally answered that the value of such services was fifty dollars a month, the cheesemaker boarding himself.

Assuming, as we think we must, that the parties had the right to try the case upon the theory adopted by them, it is quite obvious that the evidence was improperly admitted, and that the defendant's exception was well taken. In *Marsh* v. *Holbrook* (3 Abb. Ct. App. Dec. 176) it was held that in an action to recover compensation for services, if the complaint alleged, and the plaintiff at the trial solely relied on, an express promise to pay a specified sum, the defendants were not entitled to prove that the value of the services was less, although the complaint contained allegations appropriate to an action on *quantum meruit.* The doctrine of that case was fully recognized in *Barney* v. *Fuller* (133 N. Y. 608).

It is a well-established rule of the law relating to appeals that an error in receiving incompetent evidence can be disregarded only when it can be clearly seen that it did no harm. (*Foote* v. *Beecher*, 78 N. Y. 155; *Green* v. *Disbrow*, 56 id. 334, 337; *Carroll* v. *Deimel*, 95 id. 252, 256; *Holcomb* v. *Holcomb*, Id. 316.) As was said in *Hutchins* v. *Hutchins* (98 N. Y. 56, 65), following the decision in *Anderson* v. *R., W. & O. R. R. Co.* (54 id. 334):: " Illegal evidence that would have a tendency to excite the passions, arouse the prejudices, awaken the sympathies or warp or influence the judgment of the jurors in any degree, cannot be considered harmless." The only effect that the evidence in question could have had was to prejudice the jury by leading it to believe that the plaintiff's services were of greater value than the price the defendant agreed to pay. We cannot say that this evidence was harmless.

It follows that the judgment should be reversed.

MERWIN, J., concurred.

HARDIN, P. J.:

The contract contained language indicating that plaintiff was to have entire charge of the factory work. The words in the contract are, viz.: " I am to have the entire charge of the factory work, under the advice and supervision of E. R. Hunt." Defendant's evidence to the same effect did not need explanation; hence, the irrelevant evidence was not needed to counteract or impair the force of defendant's evidence as a witness, and the respondent's excuse for the ruling fails to justify it.

I, therefore, join in the opinion of MARTIN, J., for reversal.

Judgment and order reversed and a new trial ordered, with costs to abide the event.