PATTERSON, J.
appears that these causes were tried together upon substantially the same state of facts, the differences relating principally to values. They are the ordinary actions for an injunction and damages against an elevated railway company. The premises belonging to the plaintiff Isabella B. Innes are Nos. 269, 271 and 273 Third avenue, concerning which the court below found that the fee damage was $7,000, and the rental damage *768 from the time that the plaintiff became the owner in severalty of the premises, which was July 23, 1888, is the sum of $1,889.21. In the case of Susan W. Innes,. who was the owner of 277 Third! avenue, the fee damage was fixed at $2,200, and the rental damage at $404.83; and in the William T. Innes action the fee damage was fixed at $1,600, and the rental damage at $404.83. The' proof usual in such cases respecting the effect of the construction, and operation of the elevated road was fully presented, and the only questions before the court are as to the admission of incompetent evidence, the reasonableness of the amounts awarded both. for fee damages and depreciation of rental values, and the form of-the decision entered by the justice before the case was tried. It is •claimed by the appellants that evidence was admitted on the sub-: ject of rental value incompetent under the ruling of the court of-} appeals in the case of Jamieson v. Kings Co. E. Railway Co., 147 N. Y. 324; 69 St. Rep. 688. In almost every appeal presented to us in this class of cases since the decision of the court of appeals in the Jamieson Case was announced in October last, we are urged under its authority to reverse the judgment appealed from. That we are compelled to do and have done whenever the record showed that a specific objection was taken, by which the pxact question was plainly raised, and when it must have been inferred that the incompetent testimony admitted might have affected the court in its determination of the real issues between the parties; We find in these cases that the objection taken by the counsel for the defendant does not raise the point. decided in the Jamieson Case. Mr. Thompson, the cashier of the Fifth National Bank, whose building is located at the southwest corner of Twenty-, Third street and Third avenue, a distance of two blocks above the, premises here involved, was called upon to testify respecting the-course of rents of the bank building for a certain period of time.; This was objected to upon the specific ground that the building about which the'witness was asked was entirely dissimilar in chaT-j -acter, location and use from the buidings in suit, “and also on, other grounds,”—but the other grounds are not stated. Under, .this specific objection the point was not raised that the evidence offered was tendering to the court a different issue to be tried from that which was directly involved in these cases. The point ¡ of the decision of the Jamieson Case is that, to allow evidence off the course of values of specific buildings other than the one the .subject of the action, is compelling the court to try collateral is- " sues, and, as was said in that case, leaving it to the court to try a! dozen issues over as many different parcels of property. The learned judge, in passing upon the objection taken in these cases, did say that the testimony was competent on the question whether: or not there was a serious impairment of the fee value, and that its was proper to show that the injury inflicted, namely, the trespass^ by the elevated road, limited the use of the, property, and was admissible on the question of fee damages; but the attention of the court was not called by the objection, nor, as it would appear, in any other way, to the real point involved in the decision of the; Jamieson Case. The objection went only to the location and ch'ár-¡ *769 acter of the bank building, and not to the incompetency of any proof of the-general character of that offered, the counsel for the defendant stating that the only thing he wanted “to bring out is the very different character of this property. If that is brought out in the examination, I am perfectly satisfied to leave it in.” Therefore, for the want of a proper objection, we must disregard the exception to the ruling under consideration.
We have examined the proofs with reference to the amounts awarded by the court both for fee and rental value, and we are satisfied that such awards were not excessive, but-reasonable and moderate. The ordinary divergence observable in every case between the estimates of Mr. Martine, the professional witness for the plaintiffs, and Mr, Davis, the professional witness for the defendants, appears in this case, and the court, in the exercise of its judgment, has drawn its conclusion from this conflicting testimony. It is one we do not feel called upon, under the state of the evidence, to disturb. The awards for rental value are very moderate. As to fee value, the testimony showed that this property in Third avenue along the line of the elevated road had not increased in value in the same proportion that neighboring properties not affected by the presence and operation of an elevated road had done.
Concerning the objection to the decision of the court (which is in the short form) that the value of the easements appropriated by the defendants was a certain amount in each case, it is sufficient to say that, though in form a determination that the easements in and of themselves were of the value specified, it is obvious that the court intended to find that the consequential damages to the fee values in consequence of the taking of the easements was the sum fixed upon, and this mere technical error as to the form does not call for a reversal of the judgment, but simply for a finding by us that the consequential damages are in the amounts fixed by the trial justice.
On the whole case we see no good reason for doing otherwise than affirming the judgments with the modification referred to.
All concur.