one with impunity, and where no one is in the position to protect it. I am not willing to be responsible for a decision which will produce that result, especially when it seems to me that, for the reasons before stated, this property has vested in these temporary receivers, as custodians, until the further order of the court. I therefore dissent from the proposed action of the court upon this appeal.

---

## DOUGLAS v. NEW YORK EL. R. CO. et al.

(Supreme Court, Appellate Division, Second Department. February 19, 1897.)

1. ELEVATED RAILROADS—DAMAGES TO ABUTTING PROPERTY—RENTAL AND FEE VALUES.
   It was prejudicial error to admit testimony as to the effect of the construction of an elevated railroad on other property in the vicinity, for the purpose of showing the damage to the rental and fee values of plaintiff's premises.

2. APPEAL—WAIVER OF OBJECTION.
   An objection to the admission of evidence as to the effect of the construction of an elevated railroad on the rental and fee values of property in the vicinity of plaintiff's premises was not waived by the subsequent introduction of similar testimony on the part of defendants.

Appeal from judgment on report of referee.

Action by William P. Douglas against the New York Elevated Railroad Company and the Manhattan Railway Company to recover damages for injuries to plaintiff's property due to the construction of defendants' road, and for injunction. From a judgment in favor of plaintiff, defendants appeal. Transferred from the First department. Reversed.

The action was the usual equity suit by a property owner to restrain the maintenance and operation of an elevated railroad in the street in front of his premises, on account of its interference with his easements of light, air, and access, and to recover past damages. The judgment enjoined the defendants accordingly, unless within a specified time they should pay to the plaintiff the sum of $17,500, together with interest thereon, for a conveyance of the easements. It also awarded $14,265, with certain interest, to the plaintiff for past damages, together with costs and an extra allowance.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Sherrill Babcock, for appellants.
Flamen B. Candler, for respondent.

PER CURIAM. We are constrained to reverse this judgment on account of the numerous rulings of the referee on the trial which are in conflict with the decision of the court of appeals in the case of Jamieson v. Railroad Co., 147 N. Y. 322, 41 N. E. 693. There it was held that it was "not permissible to call witnesses who owned property in the vicinity of that involved in the suit to show what their premises rented for before and after the construction of the railway, in order to affect the question of damages to the property there in question." Witmark v. Railroad Co., 149 N. Y. 393, 398, 44 N. E. 78. Upon the same principle, proof as to the sums realized upon sales of other property in the vicinity is inadmissible upon the

·question of fee damage. See In re Thompson, 127 N. Y. 463, 28 N. E. 389. But the learned referee in the case at bar repeatedly received evidence in behalf of the plaintiff, over the objection and ·exception of defendants' counsel, to show what rentals had been paid for other premises in the nighborhood of the plaintiff's property, and what other premises had been sold for. He is not justly subject to any criticism at our instance for his rulings in respect to the rental of other properties, inasmuch as the trial took place before the final decision had been rendered in the Jamieson Case, and the general term of this department was of the opinion that such evidence was admissible. Construction Co. v. Ferguson, 74 Hun, 637, 26 N. Y. Supp. 1119. The contrary doctrine, however, must now be regarded as finally established.

Recognizing the difficulty which he has to overcome in the rule in the Jamieson Case, the learned counsel for the respondent insists that the defendants waived their objection to the testimony con- ·cerning neighborhood property by introducing testimony of a similar character themselves, and that, in any event, such evidence was harmless to the defendants, because it was merely cumulative or corroborative of the testimony of the plaintiff's experts. We do not think there was any waiver. By introducing a particular class of ·evidence in his own behalf to meet his opponent's evidence of the ·same character which he has in vain asked the court to keep out of the case, a party who has taken the proper objection and exception does not lose the right to insist on appeal that the court erred in receiving such evidence in the first instance. See Nickerson v. Ruger, 76 N. Y. 279, 283. If it were possible to feel satisfied that the admission of the objectionable evidence did not affect the result, we should be glad to disregard the exceptions in this branch of the case. The probability is, however, that the referee was influenced by the proof of neighborhood sales and rentals, which was received against the objection and exception of the defendants in such volume, and from so many persons. In Innes v. Railway Co., 3 App. Div. 541, 38 N. Y. Supp. 286, it was held that, to reverse a judgment on the authority of the Jamieson Case, the record should show that a specific objection was taken by which the exact question was plainly raised, and it must also appear that "the incompetent testimony admitted might have affected the court in its determination of the real issues between the parties." In Stuyvesant v. Railroad Co., 4 App. Div. 159, 38 N. Y. Supp. 595, an objection that a question as to neighborhood rentals called for matter "not within the issues" was pronounced sufficient. The same objection would certainly suffice if the question related to the price at which neighborhood property had been sold, instead of rented. In the present case, upon the direct examination of 14 witnesses for the plaintiff, the express objection that it was not within the issues was taken by the defendants to questions calling out evidence of the rentals derived from other property in the neighborhood of the plaintiff's premises, or the sums realized from sales of other property; and there were other witnesses, upon whose examination the objection taken was equally

specific, though in a different form. Even if the testimony which these persons gave was only cumulative and corroborative, as the learned counsel for the plaintiff contends, it is none the less probable that it affected the conclusion of the referee. Upon an issue of fact, where the proofs are otherwise equally or nearly evenly balanced, the judicial mind may well incline towards the side upon which there is an abundance of corroboration and a weighty accumulation of evidence as compared with that whose chief witnesses are not thus sustained.

The probability that the referee's findings as to the past damages and the amount of compensation which the plaintiff should receive for his easements were influenced by a consideration of this objectionable evidence compels us reluctantly to send the case back for a new trial.