Patrick F. Lyons, Appellant, *v.* The New York Elevated Railroad Company and The Manhattan Railway Company, Respondents.

*Abutter's action against an elevated railroad — evidence of independent sales and rentals is inadmissible — when the objection is not waived.*

In an action brought by an abutting owner against an elevated railroad in the city of New York to obtain an injunction and to recover damages, evidence, duly objected to, of the sales and rentals of property in the same street, other than that affected by the action, is inadmissible, and neither the fact that the evidence was offered, as stated by the defendant's counsel, in order to show that the plaintiff's expert was not competent to speak of values upon the street in question, or that his opinion was erroneous, nor the fact that the plaintiff himself subsequently offered similar evidence which was admitted on the same ground, prevents the plaintiff's taking advantage of his objection.

Appeal by the plaintiff, Patrick F. Lyons, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 17th day of March, 1897, upon the report of referees.

*David McClure*, for the appellant.

*Ezra A. Tuttle*, for the respondents.

O'Brien, J. :

This is the usual suit for an injunction and damages affecting premises Nos. 420 and 493 Greenwich street in the city of New York. The sums awarded for fee damage were $500 as to each property, and rental damage was allowed at the rate of $50 a year.

Apart from the merits, we think this judgment must be reversed for errors in rulings upon evidence. The testimony of the plaintiff's expert was directed to showing the course of values in Greenwich street; and the defendants, on their own behalf, after having elicited from their expert similar testimony, asked him in addition for a statement of the price at which he had sold another and entirely different piece of property on Greenwich street in 1892. This was objected to by the plaintiff " on the ground that it is not within the issues and that it raises a collateral issue and is within the prohibition of the *Jamieson* case." The defendants' counsel then stated to the referees : " I offer this evidence, not for the purpose

of showing the value of the premises in suit, nor for the purpose of showing the course of values of the premises in suit, but for the purpose of showing that the plaintiff's expert was not a person competent to speak as to the course of values in Greenwich street, or that if competent to speak he spoke erroneously, and that his opinion of values in Greenwich street is erroneous as stated." The objection was overruled, the chairman of the referees, as a reason for the ruling, saying : " With that statement, and you having stated what your object was in putting that question, we will allow the witness to answer, upon the ground and within the limitations stated by the counsel as his reasons for putting it." Thereafter the defendants offered evidence of the actual rent paid for a piece of property in Washington street, coupled with a statement that it was done for the same reasons and subject to the same limitations as were stated in respect to the offer of the sale, and there was the same objection, ruling and exception. The defendants also put in evidence testimony as to sales and rentals of several pieces of property other than the premises in suit, to which the plaintiff did not formally interpose an objection. In rebuttal, the plaintiff introduced evidence as to the rent of a piece of property in Harrison street, which was objected to by the defendants on the ground that it was not within the issues, that it raised collateral issues and was directly within the prohibition of the *Jamieson Case* (*infra*). Whereupon the plaintiff's counsel stated that this evidence was offered for the purpose of showing that the course of fee and rental values on Harrison street had not been as stated by the defendants' expert, and not for the purpose of showing the value or course of value, either rental or fee, of the premises in suit, and also to rebut the testimony which the defendants had introduced as to sales and rentals ; and with that statement of the plaintiff's counsel the referees allowed the question. This was followed by evidence of sales and rentals of several pieces of property other than the premises in suit under the same statement and subject to the same objection and exception by the defendants.

It will thus be seen that a considerable part of this record is taken up with testimony admitted over objection, which, in the case of *Jamieson* v. *Kings County Elevated Railway Company* (147 N. Y. 322), and in many other cases, was held to be incompetent. (*Huntington* v. *Attrill*, 118 N. Y. 365 ; *Matter of Thompson*, 127

id. 463; *Witmark* v. *N. Y. El. R. R. Co.*, 149 id. 393; *Douglas* v. *N. Y. El. R. R. Co.*, 14 App. Div. 471; *O'Sullivan* v. *N. Y. El. R. R. Co.*, 20 id. 384.) The record shows that the respondents were the first to transgress the rule which inhibits the introduction of collateral issues, and that this was done against the strenuous objections of, and subject to the exceptions taken by, the plaintiff. It is true that, having fully stated and insisted upon the objection, the plaintiff subsequently permitted evidence of like character to go upon the record without objection, but this does not deprive him of the benefit of the exceptions taken, which were in no sense waived or destroyed by the failure to repeat the objection to subsequent questions calling for the same class of evidence (*Church* v. *Howard*, 79 N. Y. 415; *Dilleber* v. *Home Life Ins. Co.*, 69 id. 256); because the referees, by their ruling when the objections were first presented, had deliberately decided upon the course of the trial, and the plaintiff was justified in standing upon the exceptions already taken without being required unnecessarily to repeat the same objection and except to the same ruling with regard to the same kind of evidence when offered at a subsequent stage of the trial. Nor do we think there was any waiver by the plaintiff's introduction of the same class of evidence in an attempt to meet what had been introduced by the defendants, for, as said in *Douglas* v. *N. Y. Elevated R. R. Co. (supra)*, "By introducing a particular class of evidence in his own behalf to meet his opponent's evidence of the same character, which he has in vain asked the court to keep out of the case, a party who has taken the proper objection and exception does not lose the right to insist upon appeal that the court erred in receiving such evidence in the first instance."

We think, therefore, that the evidence of independent sales and rentals introduced by the defendants under the limitations stated came directly within the rule in the *Jamieson* case, and seasonable objections and exceptions having been taken, the judgment for that reason must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.