HENRY DUFFY, Respondent, *v.* EDWARD C. BEIRNE, Appellant.

*Malicious prosecution — admission of testimony given by the chief of police of a village
    concerning the outcome of charges preferred against him by the defendant for a
    failure to arrest the plaintiff — the offer by the adverse party of the record of the
    trial of the chief.*

In an action to recover damages for malicious prosecution, arising out of a dis-
    turbance in a saloon, the chief of police of a village, who, because of his fail-
    ure upon the complaint of the defendant to arrest the plaintiff, had been tried
    upon charges preferred by the defendant before the trustees of the village, was
    called as a witness and was asked by the plaintiff's counsel, "And what was
    the result of these charges?" to which question, against the defendant's objec-
    tion, he answered, "I was vindicated."

*Held,* that the proof was improper as to its form, the record being the best evi-
    dence of the fact;

That it was also incompetent, as the determination of the trustees of the village
    had no bearing upon the questions at issue in the action;

That the fact that the defendant subsequently offered in evidence the record of
    the disposition of the case by the board of trustees, showing that the board left
    it "in the president's hands," did not cure the error which, in its tendency,
    was distinctly harmful and directly prejudicial to the defendant, and required
    a reversal of a judgment in favor of the plaintiff.

WOODWARD, J., dissented.

APPEAL by the defendant, Edward C. Beirne, from a judgment
of the Supreme Court in favor of the plaintiff, entered in the office
of the clerk of the county of Orange on the 13th day of January,
1897, upon the verdict of a jury for $2,000, and also from an order
entered in said clerk's office on the 28th day of January, 1897,
denying the defendant's motion for a new trial made upon the
minutes.

This action was brought to recover damages for malicious prose-
cution. The facts of the case are fully stated in the dissenting
opinion of WOODWARD, J.

*Lewis E. Carr,* for the appellant.

*John W. Lyon,* for the respondent.

HATCH, J.:

The very full discussion which this case has received by Mr.
Justice Woodward requires nothing further to be said upon that

branch of the case upon which we agree. I concur in the opinion upon all the questions discussed, except that which relates to the admission in evidence of the result of the proceedings reached by the board of trustees on the trial of Yaple, the chief of police, upon the complaint of the defendant for failing to arrest the plaintiff upon the night when the disturbance occurred at Short's saloon. It appears by the record that this question arose in this wise : Yaple was called as a witness and testified in respect of the hearing before the trustees, and that the defendant appeared at such hearing. He was asked by the counsel for plaintiff : " Q. And what was the result of these charges ? " This was objected to upon the ground that the evidence was " incompetent and improper, and that the record of the proceedings of the board of trustees is the best evidence." After some colloquy between the counsel and the court the witness was again asked to state the result, the defendant renewed the objection which was overruled, the defendant excepted to the ruling, and the witness answered : " I was vindicated. By the Court : State what the result was; were you dismissed ? A. The case. was dismissed." This ruling was error as to the form of the proof. (*Denning* v. *Roome*, 6 Wend. 651.) The record was the best evidence of the fact. It was also incompetent, for the determination had no bearing upon the questions at issue. Subsequently the defendant offered in evidence the record of the disposition of the case made by the board of trustees, and it showed that the board, after considering the matter, left it " in the president's hands." At a later stage of the case the defendant moved to strike out the testimony as to what was done before the board of trustees. The court held that it could not be made the foundation of an action for malicious prosecution, but held it proper upon the question of malice, and the defendant excepted to the refusal to strike out. It is not seriously contended, nor was it upon the argument, that these rulings were correct. The claim, however, is made that this error was harmless and did not tend to prejudice the defendant. Such is the view supported by Mr. Justice WOODWARD in his opinion. I am unable to accept it. On the contrary, I am of opinion that its tendency was distinctly harmful and directly prejudicial to the defendant. What disposition was made by the board of trustees of the charge

made against the chief of police could not by any stretch of view make the defendant in any wise responsible, nor could he be affected thereby, nor could any results arise therefrom which could be made available in an action in favor of this plaintiff, either as bearing upon the question of malice or otherwise. But it might be very well urged upon the jury, by astute counsel, that the defendant not only made complaints and prosecuted actions against the plaintiff, but that he also made complaint and prosecuted actions against the chief of police before the board of trustees, and that the board thought so little of such charges that it dismissed the complaint. The evidence once admitted clearly authorized such a plea, and had the basis of authoritative statement for its support. Indeed, the learned counsel for the respondent, in the fervor of his oral argument before this court, stated, in substance, that there was no answer in the evidence to the plaintiff's claim, and that the authorities of the village had so determined by the dismissal of the charges against the chief of police. Nor is it clearly apparent that the testimony of the chief of police, as to the disposition made of the charges, was incorrect. It is true that the record showed that at a given time the matter was left in the hands of the president, but there was no proof that he did not subsequently act. This matter was thus left with this incompetent testimony in the case, from which the jury could say that there was no justification for the action of the defendant, that the trustees had so said after they had considered it, and, therefore, we so say. It does not appear that they did take this view; but it clearly appears that the evidence might have created a prejudice in their minds, and that they may have taken such view or have attached more importance and weight to it than is herein expressed. As I read the authorities, such a condition constitutes clear reversible error. In *Baird* v. *Gillett* (47 N. Y. 186) it was said: "If improper evidence be given upon the trial, although it be merely cumulative, it will be cause for a reversal. (*Osgood* v. *Manhattan Company*, 3 Cow. 612.) If the evidence could not possibly have injured the defendant, the error might be disregarded; but when illegal evidence is admitted, which bears in the least degree on the result, it is fatal." This is probably an extreme statement of the rule, although it has been applied in many cases (*Neudecker* v. *Kohlberg*, 81 N. Y. 296; *Hawley* v.

*Hatter*, 9 Hun, 134; *Mt. Morris El. Co.* v. *U. S. Horse Show*, 9 Misc. Rep. 180.) This rule in its practical application has been many times modified, and many times the strict rule enunciated in the foregoing cases has not been applied. It may be said that it is not an absolute rigid rule, but has in it some elements of elasticity. But the modification is quite within limited lines, and the erroneous evidence may at no time be disregarded, unless it can fairly be seen that it did no harm. (*Foote* v. *Beecher*, 78 N. Y. 155; *Robinson* v. *Hunt*, 88 Hun, 285.) No case, however, has gone so far as to hold that where it distinctly appears that the erroneous evidence may have prejudiced a party, it can be disregarded. Under such circumstances the ruling has been uniformly condemned. (*Anderson* v. *Rome, W. & O. R. R. Co.*, 54 N. Y. 334; *Hutchins* v. *Hutchins*, 98 id. 56; *People* v. *Corey*, 148 id. 476.) It is said in the *Anderson* case: "Evidence cannot be said to be entirely harmless when the party objecting to it is obliged to call a witness to explain or contradict it." This has direct application to the present case, for if the record had been proper, Yaple's statement was not. Yet not only was the statement incompetent, but further incompetent proof became necessary, as the defendant was obliged to introduce the record in order to break the force of the statement made by the chief of police. In any event, it is incumbent upon the person who invokes the rule of harmless error to show it harmless. (*Ray* v. *Smith*, 5 T. & C. 702.) In no wise did the charge of the court cure this error. The erroneous evidence remained in after repeated attempts had been made by the defendant to rid the case of it; and the court submitted its effect upon the question of malice "as far as it is proper." It was in no sense proper for the consideration of the jury. The error was committed in receiving it, in refusing to strike it out and in leaving it in the case for consideration by the jury.

For this reason I think the judgment should be reversed and a new trial granted, costs to abide the event.

All concurred, except WOODWARD, J., who read for affirmance.

WOODWARD, J. (dissenting):

This action for malicious prosecution was instituted in Orange county, resulting in a judgment for $2,223.17, recovery and costs.

The facts, in so far as they are necessary for the purposes of this discussion, appear to be that the plaintiff entered the saloon of Stephen Short on Front street in the village of Port Jervis, about midnight of May 4, 1895. The defendant was present at the time, and a melee ensued, in which the parties to this action were the principals. There is a dispute as to who commenced the difficulty. It is alleged on the part of the plaintiff, supported by his witnesses, that the assault. was made by the defendant; while the defendant, supported by his witnesses, states exactly to the contrary. Following upon this melee the defendant instituted a criminal proceeding against the plaintiff, who gave bail for his appearance before the grand jury; and when that body met it refused to find an indictment. At or about the same time Stephen Short instituted civil and criminal proceedings against the plaintiff, it is alleged at the instance of the defendant, the latter appearing as a witness in behalf of the prosecution; but both proceedings have been dropped without reaching a determination. It appears also that the defendant caused a complaint to be filed with the railroad company, of which the plaintiff was an employee, and that he complained to the board of trustees of the village of Port Jervis against the chief of police for not causing the arrest of the plaintiff upon the occasion of the melee, this latter complaint being practically dropped by the board on a hearing upon the question.

There is really only one question which it is necessary for this court to determine, and that is whether it was proper for the plaintiff to place before the jury the fact of the complaint made by the defendant to the board of trustees of the village of Port Jervis against the chief of police for not arresting the plaintiff on the occasion of the melee in the saloon, when commanded to do so by the defendant. The decision of this question necessarily includes the objections raised under the first point of the appellant's brief, and the others are not of sufficient importance to warrant interference. "In an action for malicious prosecution," says MORTON, J., delivering the opinion of the court in the case of *Ripley* v. *McBarron* (125 Mass. 272), "the burden is upon the plaintiff to prove that the defendant has instituted against him a prosecution, civil or criminal, which has been terminated in his favor, and that it was instituted maliciously and without probable cause. Malice may be inferred

by the jury from want of probable cause, *but it is not a necessary inference*. In ordinary cases, proof that the defendant knowingly and designedly commenced a prosecution without reasonable or probable cause would be sufficient proof of malice, but the *question of the existence of malice is a distinct issue*, and even if it be shown that the prosecution was without probable cause, it is competent for the defendant to introduce evidence to show that it was instituted in good faith and without malice."

" Want of probable cause and malice must concur. The question of malice in this action is for the jury. The want of probable cause is independent of malicious motive, and cannot be inferred, as a necessary consequence, from any degree of malice which may be shown." (*Besson* v. *Southard*, 10 N. Y. 236.)

" When there is no dispute about the facts, the question of the want of probable cause is for the determination of the court. Where the facts are controverted or doubtful, whether they are *proved* or not belongs to the jury to decide, or, in other words, whether the circumstances alleged are *true* is a question of fact, but, if *true*, whether they amount to probable cause is for the court." (*Bulkeley* v. *Keteltas*, 6 N. Y. 384, citing *Baldwin* v. *Weed*, 17 Wend. 227; *Johnstone* v. *Sutton*, 1 T. R. 545; *Masten* v. *Deyo*, 2 Wend. 424; *M'Cormick* v. *Sisson*, 7 Cow. 715; *Pangburn* v. *Bull*, 1 Wend. 345.)

The complaint in this action, after setting forth the fact of the prosecution by the defendant, and the refusal of the grand jury to find an indictment against the plaintiff, with the usual allegation that this prosecution was instituted maliciously and without probable cause, alleges in the 4th paragraph that: " Upon information and belief, that the defendant willfully and maliciously, further designing and intending to injure the plaintiff in his good name and reputation, and to deprive him of his said position, induced and prevailed upon one Stephen Short, of said Port Jervis, to make a complaint before said justice on or about the said 6th day of May, 1895, charging the plaintiff with malicious injury to personal property, upon which charge a warrant was also issued and plaintiff arrested and required to give a bond in order to secure his liberty, and for his appearance before said justice for trial upon said charge at a subsequent time, and, also, that about said time the defendant, in like

manner and with like intent, induced said Short to bring a civil action against the plaintiff for alleged damages to the property of said Short, in which action a judgment was sought upon which an execution against the person of the plaintiff could issue, and that the defendant, with a further willful and malicious intent, and in order to degrade the plaintiff and deprive him of his said employment, initiated proceedings before the board of trustees of the village of said Port Jervis under a pretended charge against the chief of police of said village for his failure to arrest the plaintiff on the night of said 4th of May, 1895, and that on the hearing thereof the defendant appeared before said board of trustees and reiterated the false and malicious charge contained in said complaint theretofore made by him before said justice."

The answer of the defendant " denies that he incited said Stephen Short to bring an action against the plaintiff for the purpose of injuring the plaintiff, and further denies that he, with such intent, sought to procure his discharge by the railroad company employing him ; and further denies that he, with such intent, instituted proceedings before the board of trustees against the chief of police of the village of Port Jervis; and further denies that he did or incited anything against the plaintiff maliciously or with intent to injure him."

It will be observed that the complaint goes no further in this paragraph than to accuse the defendant of a willful and malicious desire to injure the plaintiff, and the answer goes no further than a denial of the acts, with the motive ascribed to the defendant ; he does not deny the acts themselves. All of these acts on the part of the defendant grew out of the melee at the saloon of Stephen Short, and as malice is a matter exclusively for the jury (*Porter* v. *White,* 4 Cent. Rep. 151), we can see no good reason why testimony bearing upon the conduct of the defendant in respect to any of the parties who were present at the time of the difficulty, and which has any relation to this plaintiff, is not proper to be considered by the jury upon this branch of the case. It was held in the case of *Garrett* v. *Dickerson* (19 Md. 450) that evidence of any act or circumstance tending to show the want of good faith may be offered to show the existence of malice. " In this, as in most cases of the kind," say the court in the case of *Good* v. *French* (115 Mass. 201)

" the real controversy was upon the question of probable cause. The want of probable cause is a vital and indispensable element in the plaintiff's case, as to which the burden of proof rests upon him."

The plaintiff having established to the satisfaction of the jury, under the intelligent instruction of the court, that there was that lack of probable cause, without which the plaintiff could not maintain his action, it was proper that the jury, in determining its verdict, should not be confined to the inference of malice growing out of the want of probable cause, but that it should take into consideration the entire conduct of the defendant, in so far as it was connected with the transaction out of which the original trouble grew, and so long as it related to the plaintiff. In the case at bar, if the defendant was, in fact, the aggressor in the melee, and this is the necessary conclusion from the verdict, his appearance before a justice of the peace and making a charge of criminal assault against the plaintiff was, in itself, sufficient to justify any inference of malice which the jury may have reached ; for clearly he must have known whether he was the aggressor or not, and nothing short of malice could prompt the act if he was the one who was the wrongdoer.

Still, as the degree of malice is an important consideration in determining the amount of damages which should be awarded in a given case, it was proper that all of the testimony which tended to show malice toward the plaintiff, and which had a legitimate connection with the melee and with the plaintiff should go to the jury, with the understanding clearly set out by the court that it related purely to the question of malice, and did not affect the cause of action in so far as the question of probable cause was concerned.

" That which the plaintiff has to establish in an action for malicious prosecution is," say the court in the case of *Falvey* v. *Faxon* (143 Mass. 284), " that the prosecution was instituted without probable cause to believe him guilty, and with malice, in its legal acceptation, that is, in bad faith, and without any sincere belief in the guilt of the party against whom it is commenced. While malice may be inferred from a want of probable cause, *it is not a necessary inference, and the issues are distinct,* as, even if it be proved that the prosecution was without probable cause, it is still a sufficient defense to show that it was instituted in good faith, and in the honest belief of the guilt of the party charged. (*Ripley* v. *McBarron,* 125 Mass.

272.) *Whatever legitimately tends to show probable cause for the prosecution or the good faith of the defendant is, therefore, admissible on his behalf to meet the evidence of the plaintiff, who, in such an action has the burden of establishing the want of probable cause, and the malice of the defendant.*"

It is true, of course, that the connection of this plaintiff with the proceeding before the board of trustees of the village of Port Jervis is somewhat vague, and that the case would be just as well without it; but, if the connection is remote, we have a right to the assumption that its influence upon the minds of an intelligent jury would not be important; and in view of the distinct charge of the court that none of these matters were to be considered, except upon the question of malice, I am clearly of the opinion that there was no error in admitting the testimony, and that the defendant has no cause to complain of his treatment by the court.

The objection raised upon the trial that the proceedings of the board of trustees, as shown by the records, constituted the best evidence as to the charge against the chief of police and its connection with this plaintiff, is true only to the extent that it showed what action the board may have taken; the mere memoranda of the clerk to the effect that a charge was made against the chief of police "for neglect of duty, in not arresting a party on Saturday evening, May 4th, 1895, said party having threatened the life of Mr. Beirne in an altercation at Stephen Short's," is not the best evidence to be produced upon the question of the "party" who is alleged to have "threatened the life of Mr. Beirne." But, accepting the view held by the defendant, the proceedings which were introduced in his own behalf show that Mr. Duffy, the plaintiff, was the "party" referred to, and this is sufficient to show his connection with the proceeding, in so far as it has any bearing upon the question of the defendant's malice.

It seems necessary to amplify the argument on this branch of the discussion, in determining whether the admission of the testimony of Simon S. Yaple, in reference to the determination of the board of trustees, in view of all the facts in this case, is fatal error. This court has held, in the case of *Innes* v. *Manhattan Ry. Co.* (3 App. Div. 541), that to justify the reversal of a judgment, it should appear that "the incompetent testimony admitted might have

affected the court in its determination of the real issues between the parties," and while this rule was laid down in an equity action, it seems to us applicable in the present instance. The verdict of a jury ought not to be reversed, unless it is apparent that the incompetent testimony might be reasonably supposed to have influenced the jury in reaching its conclusion to the prejudice of one of the parties. It was alleged in the complaint that the defendant, "with a further willful and malicious intent, and in order to degrade the plaintiff and deprive him of his said employment, initiated proceedings before the board of trustees of the village of said Port Jervis under a *pretended charge* against the chief of police of said village for his failure to arrest the plaintiff on the night of said 4th of May, 1895, and that on the hearing thereof the defendant appeared before said board of trustees and reiterated the false and malicious charge contained in said complaint theretofore made by him before said justice," and that "the charges brought before said board of trustees *terminated favorably to said chief of police and to this plaintiff by the unanimous act of said trustees in dismissing all of said charges.*" This was all put in issue by the denials of the defendant, who declares that "as to all the remaining allegations of the complaint, the defendant denies having any knowledge or information sufficient to form a belief."

In this class of actions it is necessary to establish not only that there was no probable cause for instituting the proceeding which is charged as malicious, but that the defendant was malicious, and it is competent to set up matters which, while not in themselves sufficient to constitute a complete cause of action for malicious prosecution, are yet intended to show the malice by which the defendant was actuated in bringing the original action complained of. The plaintiff having set up the fact of the proceeding against the chief of police, on "a pretended charge," because of his failure to arrest the plaintiff, and of the termination of this proceeding favorably alike to the plaintiff and the chief of police, it was competent for the plaintiff to introduce testimony showing the facts, not as related to that part of the action which deals with the question of lack of probable cause, but as bearing upon the question of malice. The witness upon the stand, and who gave the testimony to which objec-

tion is made, was the chief of police. He testified, under the objection of the defendant, that the proceeding resulted in his acquittal. The defendant urged that the record of the board of trustees of the village of Port Jervis was the best evidence of the termination of this proceeding, and that it was improper, therefore, for the court to permit the witness to answer this question. Subsequently, and apparently for the purpose of controverting in some measure the testimony of the chief of police, the defendant introduced the record of the board of trustees, thus supplying the evidence which he had urged was alone competent to establish the facts in reference to this proceeding. The rule is laid down in the case of *Douglas* v. *New York Elevated R. R. Co.* (14 App. Div. 471), and cited with approval in the recent case of *Lyons* v. *New York Elevated R. R. Co.* (26 id. 57), that: " By introducing a particular class of evidence in his own behalf to meet his opponent's evidence *of the same character*, which he has in vain asked the court to keep out of the case, a party who has taken the proper objection and exception does not lose the right to insist upon appeal that the court erred in receiving such evidence in the first instance ; " but it may be fairly questioned whether this rule applies where the evidence is of a different character, and where it meets the exact objection which the party offering it has raised to the evidence previously admitted. The defendant, in the case at bar, objected to the admission of parol evidence as to the result of a proceeding before the board of trustees, contending that the records of the board constituted the best evidence of the fact. The testimony was admitted over the objection. The defendant then introduced the record of the proceedings of the board, which showed that instead of an absolute acquittal, the matter was disposed of by the board of trustees by referring it to the president of the board. The evidence which the defendant insisted was the best evidence of the result of this proceeding was thus placed before the jury by the act of the defendant, and it is difficult to understand by what right he can now come into this court and insist that he has been prejudiced by the admission of the parol evidence of the chief of police. The defect was cured by the defendant, and by the careful charge of the trial court, that the testimony was to be considered only in its relation to the question of malice.

This testimony was not, in my opinion, open to the objection that it introduced collateral issues. The matters all grew out of the melee in the saloon of Short; they constituted a single transaction, and were all inter-related, and it was proper, under the pleadings in this case, to follow out all proceedings with which both parties were connected, as showing the malice which must have actuated the defendant in promoting the various proceedings, and if the inquiry before the board of trustees resulted in a practical acquittal of the chief of police, it had a tendency to show the fact of malice, or such a lack of good faith as justified a presumption of malice on the part of the defendant. Those things were all set out in the pleadings, and the evidence, as perfected by the defendant, clearly entitled the jury to pass upon the merits of the case. If the defendant had stood upon his objections and had not supplied the defect in the evidence as to the disposition of the case before the board of trustees, the case might appear in a different light, but as it now stands, it seems clear to me that the defendant has not been prejudiced in his standing before the jury, and that there is no such error as justifies the reversal of the judgment of the trial court. It is difficult to see how the jury could do less than award the verdict upon the mere question of a lack of probable cause, and the evidence of malice, aside from the transaction before the board of trustees, is so overwhelming that it would be a grave wrong upon this plaintiff to force him to a new trial because of a trifling error upon an incidental question.

If the testimony in reference to the proceeding before the board of trustees is not objectionable, it follows necessarily that there is no cause for disturbing the ruling of the trial court in reference to the testimony in respect to the acts of the defendant in instigating or aiding the prosecutions by Stephen Short, or in seeking to prejudice the employer of this plaintiff, and as to the other points raised I am equally clear that the learned trial court was within the legitimate scope of its discretion.

I am forced to conclude that the judgment should be affirmed, with costs.

Judgment and order reversed and new trial granted, costs to abide the event.