### In re MANHATTAN BRIDGE NO. 3 IN CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. December 2, 1907.)

1. EMINENT DOMAIN—COMPENSATION—METHOD OF DETERMINATION — TAKING OF PART OF PARCEL OF IMPROVED PROPERTY.

    The measure of damages to improved property, part only of which is sought to be condemned, is the difference between the fair market value of the whole property, and the fair market value of the remainder.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 363–365.]

2. SAME—EVIDENCE.

    In determining compensation in proceedings to condemn a part only of a parcel of improved land, the fair market value of the whole property and the fair market value of the remainder should be shown by the same qualified expert, and no legal award can be made on evidence which shows only the value of the land, as land, treating it as vacant property, and the structural value of the buildings thereon.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 541.]

3. WORDS AND PHRASES—"SIMPLE ADDITION."

    "Simple addition" is the process of uniting independent amounts in one sum.

    [Ed. Note.—For other definitions, see Words and Phrases, vol. 1, pp. 175–177.]

4. TRIAL—EXCEPTIONS TO EVIDENCE—WAIVER.

    Where a ruling is made as to the admissibility of certain evidence and an exception is taken thereto, no right is waived by failing to make further objections to admission of evidence of the same character.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 181.]

5. SAME.

    Where improper testimony is admitted, the error is not waived by an attempt to meet it and make a case under such ruling.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 974–976.]

Proceedings by the City of New York to condemn land for an approach to Manhattan Bridge No. 3. On motion to confirm the report of commissioners. Confirmation denied, and matter referred to new commissioners.

James F. Quigley, for city of New York.
William S. Cogswell, Fred Ingraham, and T. Ellett Hodgskin, for claimants.

CLARK, J.   A partial report of commissioners affecting the property between Fulton street and De Kalb avenue is presented to the court for confirmation.   The total amount of the awards is $1,036,-547.71, without interest.   Of about 20 parcels for which awards were made, the city seeks to acquire part only of each of 6 improved plots on Fulton street, parcels 228, 229, 232, 233, 234, and 235, in this proceeding.   For these six parcels, with buildings, the aggregate award is $629,635.59, about 60 per cent. of the total awards exclusive of interest.

It is well settled that the measure of damages to improved property, part only of which is sought to be condemned, is the difference between the fair market value of the whole property and the fair market value of the remainder.   Section 822 of the Greater New York charter (Laws 1901, p. 351, c. 466), which regulates the method of fixing compensation for wharf property, is declaratory of the practice which has been uniformly followed in this state since the year 1836.   Matter of Furman St., 17 Wend. 649.   Under this rule the same qualified expert is asked to state two things: first, the fair market value of the whole property, and, secondly, the fair market value of the remainder.   Ignoring rule and practice, the claimants of the six parcels in question first called a witness who, as a qualified expert on real estate alone, testified to the "value of the land as land," treating the land "as vacant property."   Claimants next produced as their only other witness a builder, who testified to the structural value of the buildings.   The real estate expert had no knowledge of the value of the buildings; the builder had no knowledge of the value of the land.   Neither of these two witnesses could tell how far the building enhanced the value of the land.   Why testimony in chief concerning the structural value of buildings is incompetent has been shown by Mr. Justice Clarke.   In re Blackwell's Island Bridge Approach, 118 App. Div. 272, 103 N. Y. Supp. 441; Village of St. Johnsville v. Smith, 184 N. Y. 341, 77 N. E. 617, 5 L. R. A. (N. S.) 922.

That such procedure should result in the application of erroneous principles was inevitable.   One illustration will suffice.   The witness Hovenden, the real estate expert called by the city, gave the value of each of the six parcels, with improvements, as an entity, and then gave the value of the remainder.   He further testified how much the building enhanced the value of the land.   This enhancement of value was seized upon by the commissioners in five of the six parcels and added to the land value determined by them, the total forming the award.   Such enhancement was not an unrelated, independent amount, to be manipulated at will by the commissioners.   If used by them at all, it could have been used by them only as Hovenden had used it; that is, only with relation to the land value or to the total valuation given by Hovenden.   Instead, the commissioners used Hovenden's enhancement value as an independent amount, and added it to an amount never established nor contemplated by Hovenden.   Simple addition is the process of uniting *independent* amounts in one sum.   The only competent direct evidence in the case was that of the witness Hovenden, whose valuation of 19 parcels was nearly $100,000 less than the awards of the commissioners.

Upon the evidence tendered in chief by the claimants no legal award could have been made. To such evidence strenuous objection was unavailingly made by the learned corporation counsel, and the city is amply protected by exceptions. Dilleber v. Home Life Ins. Co., 69 N. Y. 256, 260, 25 Am. Rep. 182; Church v. Howard, 79 N. Y. 415. By ineffectually trying, through cross-examination and by calling a builder, to make a case under the rulings of the commissioners, the city is not prejudiced. Douglas v. N. Y. El. R., 14 App. Div. 471, 43 N. Y. Supp. 847.

Confirmation of the report is denied, and the matter will be referred to new commissioners.