(43 App. Div. 426.)

## DARROW v. WENDELSTADT.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

MORTGAGES — ACTION AGAINST MORTGAGEE FOR CONVERSION — EQUITABLE RELIEF.

A complainant, claiming under a mortgage, cannot, after default in the payment of the debt secured by it, maintain a suit at law against the mortgagee to recover damages for conversion of the mortgaged property; for whatever relief he is entitled to must be sought in equity.

Appeal from trial term, Kings county.

Action by Gilbert Darrow against Edward F. M. Wendelstadt. From a judgment dismissing his complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

J. Noble Hayes, for appellant.
Ayres & Walker, for respondent.

WILLARD BARTLETT, J. This is an action to recover damages for the alleged conversion of groceries and other contents of a grocery store which had come into the possession of the plaintiff under a bill of sale, which both parties concede to have been a chattel mortgage. At the time of the alleged conversion, according to the testimony of the plaintiff, he offered to pay the defendant the amount due on the notes secured by the chattel mortgage, but the defendant demanded a larger amount, on account of losses which he claimed to have sustained in carrying on the plaintiff's grocery business. Upon the plaintiff's refusal to pay this greater sum, the defendant excluded him from the store, and subsequently sold the goods.

It is settled in this state that, after default in the payment of a debt secured by a chattel mortgage, the legal title of the mortgagee becomes absolute, and he is thereafter to be deemed the general owner of the mortgaged property. Casserly v. Witherbee, 119 N. Y. 522, 23 N. E. 1000. In the case cited the court of appeals expressly held that the mortgagor, after default, could maintain no action whatever at law against the mortgagee. Ordinarily nothing remains to the former, except a right of redemption, which can be enforced only in equity. Under this rule the learned trial judge correctly decided that the plaintiff could not maintain the present suit, which is an action at law to recover damages for the conversion of the mortgaged property. He did not hold that the plaintiff had no rights growing out of the facts proved, but merely that he ought not to prevail so far as this particular cause of action was concerned. If the account which the plaintiff gives of his transactions with the defendant is correct, he may well be entitled to some relief, either in the form of an accounting, or an opportunity to redeem the mortgaged property. But, whatever the relief may be to which he is entitled, it must be sought on the equity side of the court, and not in a suit at law.

For these reasons the judgment appealed from must be affirmed, without prejudice, however, to the bringing of an appropriate action for equitable relief.

Judgment affirmed, with costs, without prejudice to the bringing of an appropriate action for equitable relief. All concur.