(61 App. Div. 247.)

CRAFT v. BRANDOW, Sheriff.

(Supreme Court, Appellate Division, Third Department. May 8, 1901.)

1. EVIDENCE—ADMISSIBILITY—IMPEACHMENT.
    Where plaintiff's witness testified on cross-examination that he had taken possession of certain property under a mortgage, plaintiff cannot impeach him by evidence that he had formerly testified that he never took possession of the property.

2. SHERIFFS—LEVY OF EXECUTION—RELEASE—LIABILITY OF SHERIFF—MORTGAGED PROPERTY.
    Plaintiff gave an execution to defendant, as sheriff, to be levied on personal property belonging to C. A chattel mortgage had been executed on the property of C. to S., and, after default, S. had taken possession. On receiving notice from S. of his possession of the property, the defendant returned the execution nulla bona, and plaintiff sued defendant for the amount of the execution. The mortgage was by mistake made payable to J., who repudiated any interest in the property. The instrument was indorsed on the back, "C. to S.," and was properly recorded by S. *Held*, that the mortgage, without being reformed, constituted a lien superior to the execution, and, after S. had taken possession because of C.'s default, the property was not subject to execution as that of C.

3. SAME—CHATTEL MORTGAGEE'S POSSESSION.
    Evidence that the mortgagee took a bill of sale of the property after the issuance of the execution was properly excluded as immaterial.

Appeal from trial term.

Action by Mary E. Craft against I. Wheeler Brandow, as late sheriff of Greene county. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

For former appeal, see 52 N. Y. Supp. 1078.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

A. C. Griswold, for appellant.
Egbert Palmer, for respondent.

PARKER, P. J. On January 8, 1897, the plaintiff placed in the hands of the defendant, as sheriff of Greene county, an execution against the property of Jacob Craft and Lucinda Craft for $290.93. The defendant thereupon levied the same upon property of the value of about $800. On January 11th one Sylvester B. Sage, by letter of that date, notified the defendant that he claimed such property by virtue of a chattel mortgage upon the same; and again, on February 24th, he forbade the sale thereof, and demanded from the sheriff that he discharge the levy. The sheriff thereupon released such property from the levy, and returned the execution unsatisfied. This action is brought to recover from the sheriff the amount of such execution, on the claim that the plaintiff's debt should have been collected from the levy so made. If such mortgage, under which Sage claimed the property in question, gave to him a right prior to that of the levy, then the sheriff cannot be held liable for having returned this execu-

tion unsatisfied, because it is not claimed that there was any other property from which he could have collected it. If, however, such mortgage, as against the plaintiff, was subordinate to her execution, then this action should have been maintained. There seems, from the evidence, to have been no dispute but that the chattel mortgage in question was given as follows: Lucinda Craft, one of the debtors in the execution, and who then owned the property, on June 24, 1896, was then indebted to Sage, and, in consideration of such indebtedness, and some $40 or more then advanced to her by Sage, executed and delivered to Sage the mortgage in question, to secure the payment of the sum of $128.84 on November 1, 1896. It was expressed in such mortgage that in such sum of $128.84 was included a judgment in favor of "said Sylvester B. Sage against Jacob Craft and Lucinda Craft heretofore recovered before W. W. Bennett, justice of the peace." In such mortgage, however, the name of James Stead was written as party of the second part; and therefore, in terms, the amount thereby secured was payable to him, and the property in question was transferred to him. The attorney who drew the mortgage was instructed to make it to said Sage, and the insertion of the name of Stead, instead of Sage, was evidently an error on his part. On the back the mortgage was indorsed: "Lucinda Craft to Sylvester B. Sage. Dated June 24, 1896." And it was promptly filed in the proper offices by said Sage. It does not appear that Stead knew anything of the transaction, and he makes no claim whatever to the property therein described. The fact that Stead's name, instead of Sage's, was in the mortgage as the party of the second part, was not discovered until after the levy of the execution above referred to. These facts are proved by the evidence of the witnesses sworn on the part of the plaintiff; and, although the facts were elicited on cross-examination and under the objection of the plaintiff, yet they are not contradicted, and, on the evidence, must be taken as true. The mortgagor, Lucinda Craft, made default in the payment of such mortgage; and said Sage testified that soon after November 1, 1896, he took possession under such mortgage. The property seems to have been located in a summer hotel, vacant during the winter time; and the possession was taken by Sage's hiring Jacob Craft to look after and care for it, and by paying for the feed of the live stock included in it. On March 24, 1897, he sold it at public sale.

Sage was called and sworn as a witness by the plaintiff, and upon his cross-examination he testified to taking such possession in the manner above stated. The plaintiff earnestly insisted on the right to show by Sage that he had previously testified on a hearing before the county judge in supplementary proceedings against Lucinda Craft that he never took possession of the property under the mortgage, and the refusal of the trial court to allow that question is urged as a reversible error before us. Such a declaration of the witness out of court could not be received as evidence of the fact. It could be pertinent only as an impeachment of the witness' statement as given on the trial. But, having been introduced into the trial as plaintiff's witness, he had thereby asserted his credibility, and was not in a situation to impeach it. Clearly, there was no error there. Becker

v. Koch, 104 N. Y. 394, 401, 10 N. E. 701. If, then, this mortgage was operative at all as against this levy, it presents a case where personal property included in a mortgage has passed, upon the mortgagor's default, after the mortgage was past due, into the mortgagee's possession; and hence the mortgagor, Lucinda Craft, had no leviable interest in it. All that remained to her was an "equity of redemption," that could be reached only by a proceeding in equity, and not by a levy and sale. Darrow v. Wendelstadt, 43 App. Div. 426, 60 N. Y. Supp. 174; Kimball v. Bank, 138 N. Y. 500, 504, 34 N. E. 337, 20 L. R. A. 497.

But the plaintiff claims that the contract in the mortgage, being by its terms to pay Stead and not Sage, it has never been properly filed as a debt to Sage; that until reformed, and by judgment of court made to express what Sage claims to have been the real contract, viz. a mortgage to himself, it never gave Sage any rights whatever in the property superior to the lien of the execution; and that, inasmuch as Stead repudiated any claim to the property, the sheriff was in fault for not proceeding with the sale. But it is clear, on the evidence before us, that, as between Sage and Lucinda Craft, Sage could have enforced such mortgage against her at any time after her default. As between them, it was a valid mortgage to Sage; and, in whatever proceedings were taken to enforce it, he could have proven the foregoing facts, and thus established his rights to the property under it. The sheriff, claiming to take the property on an execution against Lucinda Craft, would have no better defense to the claim of Sage than she would have. The statute requiring such a mortgage to be filed as against judgment creditors would not aid him, because the mortgage was duly filed by Sage as a mortgage executed to him. Therefore the sheriff, by showing that Sage had possession of the property in question, and that, as against Lucinda Craft, he could hold it under such mortgage, also showed that, as against the execution in his hands, it was not the property of Lucinda Craft, upon which a levy could be made. Any evidence which tended to establish that fact was within the real issue tendered by the complaint in this action, and hence was admissible under the denials and averments contained in the defendant's answer. The defendant does not attempt in this action to change or reform the mortgage in question. He merely shows that Sage was in possession of the property which it is claimed he should have sold, and was in a position to hold it as against the lien of his execution. If Sage was in a position to perpetually restrain the sheriff from selling, it would be a valid justification for his releasing the levy.

The plaintiff further complains that she was not allowed to show that Sage sold the property in question under a bill of sale given by the mortgagor on March 5, 1897. If, as the undisputed evidence shows, Sage took possession of the property under the mortgage, and claimed to hold it thereunder, as he did claim in his letter to the sheriff under date of January 11th, it is of no consequence how his sale was made, nor that he, subsequently to the return of the execution, took such bill of sale. Hence such ruling furnishes no ground for reversal.

We conclude that, from the evidence as it stood when the plaintiff rested her case, no cause of action had been shown against the defendant. It appeared that he was not justified in selling the property which it is claimed he should have sold. Therefore the nonsuit was properly granted, and the judgment must be affirmed.

Judgment affirmed, with costs. All concur.