the 13-acre tract liable to assessment and taxation, but otherwise they are right, and should be affirmed.

Orders modified so as to declare the thirteen acre tract liable to assessment and taxation, and as modified, affirmed, without costs of this appeal to either party.

(40 Misc. Rep. 619.)

## CONKLAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.    May, 1903.)

**1. WITNESS—IMPEACHMENT.**
Where, in an action by a passenger against a street railway company for personal injuries, defendant calls the conductor of the car on which plaintiff was riding, and he corroborates the testimony of the plaintiff, defendant cannot thereafter prove the hostility of the conductor to the defendant, and his prior inconsistent statements, for the purpose of impeaching him.

Appeal from City Court of New York, General Term.

Action by Roscoe Conklan against the Metropolitan Street Railway Company.    Judgment for plaintiff.    Defendant appeals.    Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

H. A. Robinson (Bayard H. Ames and F. Angelo Gaynor, of counsel), for appellant.

Frank Herwig, for respondent.

FREEDMAN, P. J.   The action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the negligence of defendant's servants in prematurely starting the car from which the plaintiff, as a passenger, was alighting.   At the trial, evidence was given on behalf of both parties, and the case was submitted to the jury, who found for the plaintiff.   Upon this appeal the defendant, in its brief, urged but one point: "Defendant's exceptions to the admission of evidence present reversible error."   The case shows no such exceptions and no such error.   From the elaboration of the point in the brief, it appears, however, that it is the exclusion, and not the admission, of certain evidence, which is complained of.   The particular point in dispute in the case was as to whether the plaintiff alighted from the car before it stopped, as claimed by the defendant, or whether, as he attempted to alight, the conductor prematurely started the car again, after it had been stopped, before the plaintiff had a reasonable opportunity to alight, as claimed by the plaintiff.   Upon this issue the defendant examined as a witness the conductor of the car, and his testimony substantially corroborated the version of the plaintiff.   In order to contradict him as to this material point, the defendant offered to cross-examine the witness to prove his hostility to the defendant, to prove an alleged prior inconsistent statement and a report made by him, and to prove how he made this report, all of which offers were, on plain-

tiff's objection, refused by the trial judge. The defendant further offered to show by other witnesses the statement and report alleged to have been made by the conductor, how and when it was made, and what the custom was with reference to making statements, and that the conductor had been discharged from the employ of the defendant, and what for. All this testimony was excluded. The attention of the conductor had been called to a certain paper, and he had admitted his signature to it. His testimony concerning it is to the effect that it was filled out by some employé in the office; that he did not read it before he signed it; that he did not know what he was signing; that he supposed that, if he did not sign it, he would lose his position; and that that was the reason why he signed it. He also testified that he had no feeling against the railroad company. In another part of his testimony he said:

"My recollection of these facts, as I have stated them, is as fresh to-day as though it happened a short while ago. It impressed itself upon my mind. I am positive my testimony is absolutely a correct portrayal of the scene of the accident."

It will thus be noted that all the attempts made by the defendant's counsel were directed to proving contrary statements made at prior times by the conductor, and were not directed to proving the true facts in the case.

It is true that a party calling a · witness is not precluded from proving the truth of any particular fact material to the issues by any other competent testimony in direct contradiction to what such witness may have testified; and this not only where it appears that the witness was innocently mistaken, but even where the evidence may collaterally have the effect of showing that he was generally unworthy of belief. Gray v. Brooklyn Heights R. Co., 72 App. Div. 424, 76 N. Y. Supp. 20, and cases there cited. And it is equally true that a party who has called a witness may probe his recollection by recalling to his mind a statement claimed to have been previously made, and apparently inconsistent with his testimony given on the stand. But if thereupon the witness, as in the case at bar, adheres to his testimony as given, the party cannot impeach him by the calling of witnesses to impeach his general character, or by proof of prior contradictory statements by him, nor by a contradiction of the witness by another, where the only effect is to impeach, and not to give any material evidence upon any issue in the case. Becker v. Koch, 104 N. Y. 394, 10 N. E. 701, 58 Am. Rep. 515. That a party who has examined a witness upon a material point in the case cannot impeach his general character as a man is so universally conceded that no citation of authorities is necessary in support thereof. But the rule that a party cannot show inconsistent statements made by his own witness for the purpose of impeaching him is equally well settled in this state, at least.

In Hankinson v. Vantine, 152 N. Y. 20, 46 N. E. 292, it was held:

"The plaintiff cannot claim that the referee had a right to disregard her [appellant's] evidence upon the ground that she was an interested party, because he called her as a witness and proved these facts by her, thereby as-

suring her credibility as a witness upon that subject. While he might have shown the facts to be different, he could not impeach or deny her credibility," etc.

In Craft v. Brandow, 61 App. Div. 247, 70 N. Y. Supp. 364, the opinion says:

"Such a declaration of the witness out of court [referring to his testimony on a hearing before the county judge in supplementary proceedings against another] could not be received as evidence of the fact. It could be pertinent only as an impeachment of the witness' statement as given on the trial. But having been introduced into the trial as plaintiff's witness, he had thereby asserted his credibility, and was not in a situation to impeach it. Clearly, there was no error there. Becker v. Koch, 104 N. Y. 394, 401 [10 N. E. 701, 58 Am. Rep. 515]."

In Coulter v. American Merchants' Union Express Co., 56 N. Y. 585, it was even held that a party cannot impeach his own witness either by general evidence, or proof of contradictory statements out of court, although such witness was also called as a witness by the adverse party. To the same effect is Nichols v. White, 85 N. Y. 531.

So in Kay v. Metropolitan St. R. Co., 163 N. Y. 447, 57 N. E. 751, it was held that where, upon cross-examination, the plaintiff elicits from opposing witnesses matter not brought out on their direct examination, he makes the witnesses his own as to such new matter, and cannot contradict them in regard to it, since the effect would be to impeach his own witnesses.

And finally, in Fall Brook Coal Co. v. Hewson, 158 N. Y. 150, 52 N. E. 1095, 43 L. R. A. 676, 70 Am. St. Rep. 466, while it was held that a party who, having called and sworn a witness, excuses him before he has been asked any material question, does not make him his witness, so as to be precluded from thereafter impeaching his credibility by contradicting him, in case the witness subsequently gives material testimony in behalf of the opposite party, it was also fully conceded and demonstrated that the rule is well settled in this state that a party cannot show inconsistent statements made by his own witness for the purpose of impeaching him. It was further shown that the rule can only be abrogated or modified by statute, which has been done in England and some of our sister states, but not in this state. Becker v. Koch, 104 N. Y. 394, 10 N. E. 701, 58 Am. Rep. 515, contains a statement substantially to the same effect.

In view of these authorities, and it clearly appearing in the case at bar that the excluded evidence did not prove or tend to prove the true facts in controversy, but was offered by the defendant for the purpose of impeaching its own witness, no error was committed in the exclusion of the evidence. Moreover, the alleged inconsistent statement and report does not appear in the record, and consequently its materiality cannot be determined, even if it were otherwise admissible.

The judgment and order should be affirmed, with costs. Judgment and order affirmed, with costs. All concur.