VOLLKOMMER v. CODY et al.   FLEER et al. v. SAME.   BAIRD v. SAME.

(Supreme Court, Appellate Division, Second Department.  June 12, 1903.)

1. TRIAL—OBJECTIONS TO EVIDENCE—SUFFICIENCY.
    One objection to evidence, ruling, and exception thereto, were sufficient to cover all of the same class of evidence, without cumbering the record with further protests.
2. WITNESSES—IMPEACHMENT.
    In a judgment creditor's suit, plaintiff could not introduce in evidence depositions of the judgment debtors, taken in supplementary proceedings, to impeach them as witnesses, where he called them himself.
3. SAME.
    The fact that the depositions were admitted in evidence before the testimony of the judgment debtors was given did not render them competent for purposes of impeachment.
4. EQUITY—APPEAL—DISREGARDING ERRORS GOING TO MERITS.
    The court on appeal in an equity case cannot disregard an error which goes to the merits.

Appeal from Special Term, Kings County.

Actions by Joseph Vollkommer against James A. Cody and others and the city of New York, and by George Fleer and another against the same defendants, and by Andrew R. Baird against the same defendants. From judgments for the plaintiffs, defendants James A. Cody and others appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Abram J. Rose (Alfred C. Pette, on the brief), for appellants.
Henry H. Sawyer, for respondents Baird and Vollkommer.

JENKS, J.  These are judgment creditors' actions to reach money in the hands of the city of New York, due to certain of the defendants on a judgment recovered by them against the city, which was assigned by them to the testator, whose executors are other defendants. The

ground of the action is that said assignment was made to hinder, delay, and defraud creditors. The Special Term gave judgment for the plaintiff. The plaintiff called the defendant Elizabeth L. Cody as his witness, and offered in evidence her deposition taken in certain third party proceedings. This was objected to as incompetent, and upon other specified grounds. The learned counsel for the plaintiff then stated that it was offered only against the defendant Elizabeth L. Cody as primary evidence of her admissions, and the court, under exception, admitted the deposition solely on that ground. The plaintiff also offered in evidence an affidavit of the witness, made in this case, which was received under objection and exception as to its competency and materiality, as against all of the defendants save the city of New York. Thereafter, without objection or exception, the examinations of the defendants James A. Cody and William J. Cody in supplementary proceedings were read in evidence.

The first objection, ruling, and exception were sufficient to cover all of the same class of evidence, without cumbering the record with further protests. Dilleber v. Home Life Ins. Co., 69 N. Y. 256, 25 Am. Rep. 182; Carlson v. Winterson, 147 N. Y. 652, 42 N. E. 347; Lyons v. N. Y. Elevated R. Co., 26 App. Div. 57, 49 N. Y. Supp. 610. After the summing up by the respective counsel, the learned court, in directing judgment, said, "It is unfortunate in this case that there are many contradictions by the witness Elizabeth L. Cody and by her brothers, in comparison with the deposition in supplementary proceedings." Thus it appears that the learned court considered the deposition as contradicting evidence, which tended to shake its belief in the credibility of the witnesses. I am of opinion that such evidence was not competent for that purpose. Becker v. Koch, 104 N. Y. 394, 401, 10 N. E. 701, 58 Am. Rep. 515; Craft v. Brandow, 61 App. Div. 247, 70 N. Y. Supp. 364. The learned counsel for the respondents argues that admissions are always competent, and then states that the position of the appellants is that the court should have refused to receive the depositions. Not so. The point of the appellants is that the learned court did not consider the testimony as admissions, but as evidence which was competent to impeach the witness called by the plaintiff. The learned counsel for the respondents also argues that, as the depositions were admitted before the testimony of each was given, they could not be considered as offered in contradiction, and if, after the witnesses had testified, the admissions had the further force, in the mind of the court, of impeaching their credibility, that should not alter the rule as to the admissibility. The answer is that the learned counsel for the defendants protested by his objection, so far as he could, at the time the testimony was offered in evidence; and the court, irrespective of the mere order of proof, finally regarded the testimony as competent to impeach the witness. Although this is an equity case, this exception goes to the merits, and therefore it cannot be disregarded. Townsend v. Bell, 167 N. Y. 462, 60 N. E. 757. In view of our conclusion that there must be a new trial, it is not necessary to discuss the other questions of law presented, as they are not likely to arise upon the second trial.

The judgment should be reversed and a new trial granted; costs to abide the final award of costs. All concur.