---

(60 Misc. Rep. 631.)

## In re STIENS' ESTATE.

(Surrogate's Court, Oneida County. October, 1908.)

1. EXECUTORS AND ADMINISTRATORS (§ 85*)—DISCOVERY OF ASSETS—EXAMINATION OF THIRD PARTY.

   Code Civ. Proc. § 2709, providing that, on attendance of the person to whom a citation is issued in a proceeding by an administrator under section 2707 to discover property withheld, he may submit an answer showing cause why the examination should not proceed, clothes the surrogate with power to prosecute the inquiry to the point of determining the truth of the allegations of the answer, and the examination cannot be defeated by an answer alleging ownership or right of possession.

   [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 85.*]

2. EXECUTORS AND ADMINISTRATORS (§ 85*)—DISCOVERY OF ASSETS—POWER OF SURROGATE.

   Under Code Civ. Proc. § 2710, providing that if the facts admitted by a person cited in a proceeding by an administrator to discover property withheld show that he is in the control of property, the surrogate may decree that it be delivered to the administrator, but that if such person admits having control, and the facts as to the administrator's right are in dispute, the proceeding shall end, unless the parties consent to a determination by the surrogate, no consent having been entered into, the surrogate can make no order adverse to the person cited, affecting the property in question, unless it conclusively appear as a matter of law that his claim is not well founded.

   [Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 85.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. INNKEEPERS (§ 13*)—LIEN.

    Lien Law (Laws 1897, p. 532, c. 418) § 71,´giving a boarding or lodging house keeper a lien on the property of a boarder or lodger for the proper charges due on account of accommodation, does not apply where a box and its contents belonging to one who had died in the house of a person claiming such a lien were withheld by her for the benefit of decedent's children and to keep its contents from others, and the lien was claimed in furtherance of that purpose and to that end.

    [Ed. Note.—For other cases, see Innkeepers, Dec. Dig. § 13.*]

Proceedings under Code Civ. Proc. § 2707, by the administrator of the estate of Peter Stiens, deceased, to discover property withheld. Decree for the administrator.

P. H. Fitzgerald, for petitioner.

Seward A. Miller, for respondent.

SEXTON, S.  Pursuant to proceedings duly had by the administrator of this estate under section 2707 of the Code to discover property withheld, Fanny Corem appeared in court on September 21, 1908, and filed an answer under section 2709 of the Code, admitting possession of the property in question, but claimed the right of possession by virtue of boarding house keeper's lien.  The question of the court's jurisdiction was raised by motion to dismiss the proceeding.  The motion was denied, and the evidence taken.

Upon the question of the court's right to proceed with the examination after an answer has been filed, we have section 2709 of the Code, the material part of which provides:

    "On the attendance of the person to whom a citation is issued as prescribed in this article, he may submit an answer, duly verified, showing cause why the examination should not proceed.  The surrogate may then dismiss the proceeding, or direct the examination to proceed."

This section clothes the surrogate with power to prosecute the inquiry to the point of determining the verity of the allegations of the answer.  Were this not so, the surrogate might be imposed upon by a bogus answer, and the parties sent to another jurisdiction, burdened with additional expense.  It was not the legislative intent to give the representative power to investigate for the purpose of an inventory or delivery to him of the estate property, and at the same time empower a third party to end jurisdiction and stifle statutory efficacy by filing an answer alleging ownership or right of possession.  The facts disclosed by the evidence, and not the allegations of the answer determine the proceeding.  In Gick v. Stumpf, 113 App. Div. 16, 98 N. Y. Supp. 961, affirming 49 Misc. Rep. 32, 98 N. Y. Supp. 299; the court said:

    "But the purpose of the statute is to enable the surrogate to say whether the claim of title alleged in the answer rests on a sound foundation, or is a mere subterfuge on the part of the claimant to deprive the administrator or executor of the property or of information concerning the same."

The same authority holds that, under the present statute, he may proceed and examine the person cited as to the facts alleged in his answer.

With the question of jurisdiction disposed of, we come to a consideration of section 2710 of the Code which provides:

"If the facts admitted by the witness show that he is in the control of the property to whose immediate possession the petitioner is entitled, the surrogate may decree that it be delivered to the petitioner. If the witness admits having control of the property, but the facts as to the petitioner's right are in dispute, the proceeding shall end, unless the parties consent to a determination by the surrogate, in which case it shall be so determined."

No consent having been entered into, empowering the surrogate to determine the rights of the parties, the surrogate can make no order adverse to the person cited, affecting the property in question, unless it conclusively appears, as a matter of law from the evidence produced, that his claim of title is not well founded. Gick v. Stumpf, supra.

The right of possession is claimed by the respondent by virtue of a statutory lien, given to a keeper of a boarding house or lodging house. Section 71 of the lien law (Laws 1897, p. 532, c. 418) is a codification of all previous laws upon the subject and reads as follows:

"A keeper of a hotel, inn, boarding house or lodging house, except an emigrant lodging house, has a lien upon, while in possession, and may detain the baggage and other property brought upon their premises by a guest, boarder or lodger for the proper charges due from him, on account of his accommodation, board and lodging, and such extras as are furnished at his request. If the keeper of such hotel, inn, boarding or lodging house knew that the property so brought upon his premises was not, when brought, legally in possession of such guest, boarder or lodger, a lien thereon does not exist."

The evidence shows that the deceased was an inventor, and died September 6, 1908, at the house of respondent, who had known him for 18 months. All possessions of deceased are in his tin box, which contains nothing of value beside the papers pertaining to a fire·alarm and hydrocarbon burner. The papers are of no use or value to respondent. The administrator talked with the respondent in regard to the papers and property of the deceased, and she said:

"I said Mr. Stiens requested me, if anything happened to him, to burn everything he had, 'so that the scoundrels won't get everything I have got. I don't want to see them get anything.' And that is the reason I refused to give the papers to Mr. Karl, and the only reason. I refused to give them to the administrator, because I wanted them to fall into the proper hands. I have no claim on these papers, only the lien I have taken. I was advised to do so by a lawyer, and I also wanted to keep them for the benefit of the children in London."

The only evidence in the case upon the subject of board is as follows:

"Q. Mr. Stiens had been a lodger and boarder of yours for some time previous to his death? A. Yes, sir; ever since coming to Utica. Q. Whether or not Mr. Stiens was owing you at the time of his death? A. Yes, sir; he was. Q. And in excess of $600.00? A. Yes, sir."

From this evidence it does not appear that the $600 was "for the proper charge due from him [deceased] on account of his accommodations for board and lodging." It does not appear how much he was to pay a week, or whether he had ever paid anything on account of board and lodging. He had been a boarder and lodger of the respondent since coming to Utica; but it does not appear when he came to Utica. So far as the evidence disclosed, the $600 may have been borrowed money. There is certainly no proof or evidence in the case to establish that the $600 is for the proper charge due from deceased

to respondent on account of his accommodation, board, and lodging for which a lien would attach. The evidence is contradictory in several material respects, and it seems quite clear that the respondent withheld the tin box and its contents in the first instance, as she testified, for the benefit of the deceased's children in London, and to keep its contents from the persons or corporations who had been interested with him in his invention, and in furtherance of that purpose and to that end, after seeing an attorney, as respondent testified, claimed a lien. This theory is further supported by respondent's evidence to the effect that the box and its contents have no value to her.

The evidence in the case does not bring respondent within the requirements of the provisions of section 71 of the lien law, essential to a valid lien in her favor as a boarding house or lodging house keeper. Under the authority of Gick v. Stumpf, supra, I hold and decide that it conclusively appears, as a matter of law from the evidence produced, that the respondent has no valid lien upon the property in question.

It follows that the administrator is entitled to an order directing the respondent to turn over to him the said tin box and its contents, particularly described in the evidence, for the purpose of being inventoried and disposed of as part of the estate of said deceased, as required by law.

Decreed accordingly.