much elaboration of detail. The language is direct, precise, and explicit. Provision is made for the disposition of the estate in almost every conceivable contingency. The conclusion is therefore almost irresistible that, if he had intended that his widow should have dower in addition to the testamentary provisions for her benefit, he would have made a proper disposition of the remainder after her life estate in the premises set apart for her dower. His failure to do so shows a manifest intention on his part that the widow was not to receive dower in addition to the testamentary provisions for her benefit.

Therefore, as the contention of the executor that the widow is entitled to dower as well as the testamentary provisions made for her benefit is incompatible with the manifest intention of the testator in disposing of his entire estate, and would subvert the whole scheme of the testator in the disposition of his estate, and would result in the testator dying intestate as to the remainder after the life estate of his widow in the one-third set apart for her dower, it must be held that the widow is not entitled to her dower and the provisions made for her benefit in the will, and that it was incumbent upon her to make her election. As she has not made an election under section 201 of the real property law, the appraiser erred in deducting the value of her dower from the taxable assets of decedent's estate.

Decreed accordingly.

(72 Misc. Rep. 303.)

## In re KELLOGG'S ESTATE.

(Surrogate's Court, Rensselaer County. May, 1911.)

1. EXECUTORS AND ADMINISTRATORS (§ 85*)—PROCEEDINGS TO DISCOVER PROPERTY—DISMISSAL.

In a proceeding for the discovery of certain personalty claimed to have been the property of testatrix, where it is shown that the mother of the testatrix had possession of the articles two or three years after testatrix's death, but it is not shown how she obtained them, and the mother, who has since died, gave the articles to parties who wore them openly and without question as to their right down to within a few months before the present proceeding, commenced eight years after testatrix's death, the proceeding will be dismissed; the presumption from the possession by the mother being that she was the owner.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 339–358; Dec. Dig. § 85.*]

2. EXECUTORS AND ADMINISTRATORS (§ 85*)—PROCEEDINGS TO DISCOVER PROPERTY—SCOPE OF INQUIRY.

Under Code Civ. Proc. § 2710, providing that in proceedings to discover property of a decedent, if the fact as to petitioner's rights are in dispute, the proceeding shall end unless the parties consent to its determination by the surrogate, where no consent is filed, the surrogate cannot determine questions of fact, but may decide questions of law.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 85.*]

In the matter of the estate of Mary T. McConihe Kellogg. Proceedings for the discovery of personal property alleged to belong to testatrix. Proceedings dismissed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Thomas F. Powers, for petitioner.
George B. Wellington, for respondent.

HEATON, S. This proceeding was commenced by the filing of the petition on the 25th day of January, 1911, for the discovery of personal property alleged to belong to the testatrix at the time of her death, on the 5th day of July, 1903. On the 30th day of October, 1903, letters testamentary were issued to the petitioner, McConihe, who alleges that his sister and the sister of testatrix has in her possession or under her control one three-stone diamond ring, one gold watch, and one watch pin, the property of such deceased sister. The material facts are substantially undisputed.

[1] Mrs. Kellogg was in possession of and the apparent owner of the articles in question during the last few years of her life, but whether she had them at the time of her death does not appear. She died at Waterbury, Conn., while temporarily residing there. The petitioner was appointed executor of her will within a few months after her death, and has settled his account as executor, but is also the sole trustee of her whole residuary estate, and is now acting as such. There is no evidence of the possession or ownership of these articles from the time her brother saw her wearing them during her lifetime down to the year 1905 or 1906, at which time Mrs. McConihe, the mother of all of the parties, was in possession of the articles, and gave the ring to Mrs. Shields, and the watch and pin to the daughter of Mrs. Shields, both of whom have worn the said articles openly and without question as to their right to have them down to a few months before this proceeding was brought. Mrs. McConihe, the mother of all the parties, died about a year ago.

[2] No consent has been filed that the surrogate may determine the ownership of the property under section 2710, Code of Civil Procedure; and therefore, so far as the facts are in dispute, the surrogate cannot determine them, although he may without consent decide questions of law. Matter of Stiens, 60 Misc. Rep. 631, 113 N. Y. Supp. 1105; Matter of McGee, 63 Misc. Rep. 494, 118 N. Y. Supp. 423. Whether Mrs. McConihe, the mother of the deceased, obtained the articles from her during her lifetime, or from her husband, or even from this petitioner, her executor, soon after her death, there is no evidence. We find her in possession of them, claiming to be their owner, from two to three years after Mrs. Kellogg's death; and we find Mrs. Shields and her daughter in possession of them under claim of ownership during the past five or six years.

The principle of the legal presumption of ownership from possession is well established and has often been applied. Hoyt v. Van Alstyne, 15 Barb. 568; Wheeler v. Vanderveer, 88 Hun, 233, 34 N. Y. Supp. 799. In the two cases of Halsey v. Hart, 85 Hun, 46, 32 N. Y. Supp. 665, and Matter of Mapes, 12 N. Y. Supp. 9, the same point, that the property in question had at one time been owned by a deceased person and no evidence had been offered showing a transfer by such deceased person to the person claiming title, was involved,

and in each case the presumption of ownership in the lawful possessor was held to apply.

The attorney for Mrs. Shields also calls attention to the statute of limitations, and contends that such statute has run, and that this proceeding should be dismissed for that reason, as well as for the reason that the facts are in dispute. The cause of action to recover this property accrued on July 5, 1903, and it would seem that the statute had run against the remedy of the petitioner. Kelsey v. Griswold, 6 Barb. 436; Northrup v. Smith, 118 N. Y. 682, 23 N. E. 571. The proceeding is dismissed.

Proceeding dismissed.